ARNOLD vs. STEEVES & FROST.

A *warrant* issued under the *justice's act* is not spent, if the justice, on the defendant being brought before him after calling the parties, declares himself unable to try the cause, and directs them to go before another justice.

Nor is it spent, nor is the defendant entitled to be discharged, if *the next justice* before whom he is taken is also unable to try the cause.

Previous to the revised statutes, the constable had a right to detain a defendant for a reasonable time, while making a *bona fide* effort to find a justice to hear the cause ; the period now is fixed at 12 hours.

The assent of an *officer* to the escape of a defendant whom he has arrested does not affect the rights of the plaintiff, and even the officer, if the process be *mesne*, may retake the defendant.

A regular officer is not bound to exhibit his authority or process when he arrests a defendant ; a special deputy is.

ERROR from the Saratoga common pleas. This was an action for *false imprisonment*. Steeves, a constable, arrested Arnold on a justice's warrant, at the suit of Frost. The warrant was issued the 26th December, 1827, by *A. Goodrich*, Esq. a justice of Ballston Spa. The constable took the defendant before Justice Goodrich, and the warrant was returned. The parties were called and appeared, when the justice said he could not attend to the case, and the parties must go before the nearest justice. They accordingly went before *Palmer*, another justice in the same village, who also excused himself from trying the cause. *Arnold* offered to go before either of two justices, who were named, but *Frost*, the plaintiff in the warrant, declined to do so, preferring, as he expressed himself, some justice who attended court. The parties remained in the village about two hours, until towards night, when Arnold told Steeves, in the presence of Frost, that he had taken counsel and should go home. Steeves told him he had better not go ; Frost made no objection. Arnold left the village, and Steeves went with him ; after proceeding about three miles, they stopped at a tavern ; Arnold there said, in the hearing of Steeves, that he was going home, and went accordingly, and Steeves went to his home, in another direction. On the next day Arnold went from home, and was absent three or four weeks. A few days after his return, he was arrested again

by Steeves, on the *same warrant* on which the first arrest took place. Arnold demanded of Steeves that he should shew his authority for making the arrest, which he refused to do ; Arnold made his escape, and on the next day surrendered himself and brought an action for *false imprisonment* against Steeves and Frost. The court submitted to the jury the question whether *Frost* had consented to the discharge of Arnold from the custody of Steeves, and the jury, under the instructions of the court, found a verdict for the *defendants*, on which judgment was entered. The plaintiff sued out a writ of error. The cause was submitted on points presented by the counsel.

UTICA,
July, 1833.

Arnold
v.
Steeves.

*J. Ellsworth,* for the plaintiff in error.

*O. G. Otis,* for the defendants in error.

*By the Court,* SUTHERLAND, J.   Under all the circumstances of this case, I do not think the warrant on which the plaintiff, Arnold, was arrested is to be considered as spent, or as having finally done its office, by what took place in relation to it before *Goodrich,* the justice by whom it was issued. Arnold himself did not so consider it at that time, for he went voluntarily and without any objection or complaint in quest of some other justice, who might be at leisure to try the cause. *Laws of* 1824, *p.* 281, § 4.

Nor was the process spent and the defendant entitled to be discharged because the next justice to whom they went was also unable to attend to it.   The constable had a right to detain the defendant for a reasonable time, while making a *bona fide* effort to find a magistrate to hear the cause.   There was not at that time any precise limitation to the period for which he might detain him ; the revised statutes have since fixed it at 12 hours.   The detention in this case, previous to Arnold's escape, seems to have been considerably less than that time. The jury have found that *Frost,* the plaintiff in the warrant, did not consent to the escape of Arnold ; and admitting that Steeves, the constable, did permit him to go, it being but mesne process, his right to retake him or arrest him anew was not gone.   6 *Johns. R.* 62.   2 *T. R.* 177.

UTICA,
July, 1833.

A regular officer is not bound to exhibit his authority or process when he arrests a defendant ; a special deputy is. But if it were his duty to exhibit it when demanded, his refusal would not constitute him a trespasser, if he could show that he had a regular legal process in his possession, which authorized the arrest. The charge of the court was correct.

Judgment affirmed.