UTICA,
July, 1833.

Willis
v.
Green.

## WILLIS *vs.* GREEN.

Where the *maker* of a note *promises to pay A. to the order of B. and C.*, and B. and C. endorse the note, an action may be maintained against them by A. upon such endorsement.

In the construction of negotiable paper, courts look to the substance and meaning of the instrument, and if possible, give effect to the intent of the parties.

DEMURRER to declaration. The declaration in this case contains several counts; to three of which the defendant has demurred generally, and assigning special causes of demurrer. The count supposed to be most defective is in this form: The plaintiff complains for that whereas, on the 29th August, 1827, at, &c. one Edward C. Pinney made his certain note in writing, by which he *promised to pay the said John R. Willis, to the order of Smith Johnson and Lester Green, at the Bank of Utica, $474,10, by the first of January then next, for value received;* and the said Smith Johnson and Lester Green, then and there, to wit, *at the time* when the said note was made by said Pinney, *for the consideration* expressed in the note *and before said note was delivered* to the said John R. Willis, by a certain endorsment made upon the note, signed by Johnson and Green, ordered the contents of the note to be paid to the said John R. Willis, and the said note *so made* by the said Pinney, *and so endorsed* by Johnson and Green, afterwards, to wit, on the day and year aforesaid, at, &c. was delivered by Pinney to the plaintiff (John R. Willis.) The plaintiff then avers that before the maturity of the note, *Smith Johnson,* one of the endorsers, died, and that when the note fell due, to wit,

on 4th January, 1828, he, the plaintiff, caused it to be duly presented and payment to be demanded of Pinney, who failed to pay the same, of which demand and non-payment the defendant had notice ; and the defendant, *in consideration of the promise* aforesaid, *and in consideration* that Pinney, after the note had become due, and after the presentment, demand and notice of non-payment, had executed a bond and warrant of attorney to the defendant, bearing date 18th February, 1828, conditioned for the payment of $766 on demand, to secure the payment of the note in question, on which judgment had been duly entered, execution issued, and the sum of $601,68 received, to pay off and satisfy among other things, the note in question, *undertook and faithfully promised* the plaintiff to pay him the sum of money in the note specified, when he, the defendant, should be thereunto afterwards requested ; yet, &c. The *special causes of demurrer are,* 1. That the count professes to set forth a promissory note within the statute, when in truth it is not such a note ; 2. That a good consideration is not alleged for the endorsement of the note by the defendant ; 3. That the averments and recitals in the count as to the making and endorsement of the note, the notice of non-payment and in respect to the bond and warrant of attorney and subsequent proceedings had thereon, are surplusage, and form no part of a good consideration for the promises subsequently set forth ; 4. That two distinct causes of action are alleged, and that the count therefore is double, &c.

*A. Loomis & J. A. Spencer*, for the defendant.

*L. Ford*, for the plaintiff.

*By the Court*, NELSON, J.    The note as set forth in the declaration was drawn by the *maker*, Pinney, to be delivered to the plaintiff for a valuable consideration received, and endorsed by the defendants Johnson and Green, for the accommodation of the former.    No consideration was necessary to create a legal liability on their part, as the endorsement was a letter of credit to the maker to the amount of the note.    It is expressly averred that the note was delivered by the maker to the

plaintiff after the endorsement by the defendants. He took the paper therefore, in judgment of law, upon their credit, and it should not be permitted to them to allege a want of consideration.

The note on its face is made payable *to the plaintiff,* and it is supposed that within the case of *Herrick* v. *Carman,* 12 *Johns. R.* 159, and 10 *id.* 224, the endorsers cannot be liable to him. Though payment is to be made to the plaintiff, yet, upon a sound construction of the instrument, in substance and good sense, he is not the *payee,* but the person appointed to whom the payees were to endorse the note by the request of the maker, and to whom they did accordingly endorse it. The note on its face may be viewed as endorsed for the accommodation of the maker to raise money by negotiating it to the plaintiff, or as drawn by the maker to enable the endorsers to raise money by negotiating it in the same way. The former is the character given to it by the declaration. In either view, it is a valid note against all parties.

The *maker* promises, for a valuable consideration, to pay Willis to the order of Johnson and Green, that is, to pay to the order of Johnson and Green, J. R. Willis, the sum mentioned in the note. The former are the payees, and the title of the latter comes through the endorsement, and without it he could not sustain a suit on the note in his own name. *Chitty,* 142, *ed. of* 1830, *and cases there cited.* If the name of Willis had been left out of the note, it would have been in the usual form, and the payees could have endorsed it to him. Here the maker designates the person to whom it is to be endorsed.

There is no particular form essential to these instruments, and their great utility in promoting commercial transactions; the confidence given to such paper by business men of every description, and its consequent general use, have influenced courts to adopt greater liberality of construction in giving effect to them, than is applied to other contracts. Two things are indispensable : they must be payable with *certainty,* or *absolutely,* and in *money* only. These requisites being found in an instrument, the court will look at its substance and meaning, and give effect and operation to it according to the intent and rights of the parties. Looking at the face of this paper, without regard

to the character given to it by the averments in the declaration, we cannot doubt as to its meaning.    It is just what the defendants understood it to be—a note drawn payable to their order, to be negotiated to the plaintiff; else why did they endorse it to him ?    By the very terms of the note, the contents were to be paid to their order, and by their endorsement, they direct the money to be paid to the plaintiff.

UTICA,
July, 1833.

The above view answers all the special causes of demurrer, except the last.    The recital of the security given by the maker to the endorsers after their liability on the note is surplusage, but, I apprehend, does not fall within any principle of pleading which would vitiate the count, even on special demurrer.    *Lawes on Pl.* 63, 64, 170.    *Chitty's Pl.* 232.    Neither does the fact that two considerations are alleged, fall within the rule making the count bad for duplicity.    *Chitty's Pl.* 296.    *Cro. Eliz.* 848.    The whole consideration, more or less, if good, should be stated, to avoid a variance in proof on the trial ; and if there be two or more considerations, and one is void or inoperative, if stated, it will not vitiate the count, as it need not be proved.    *Cro. Jac.* 128.

Judgment for plaintiff, with leave to the defendant to plead on payment of costs.