By the Court,

Bronson, J.
When the plaintiff has the verdict, the defendant may move in arrest of judgment; but not for judgment non obstante veredicto. That is a motion which comes from the plaintiff when the defendant has the verdict. (Schermerhorn v. Schermerhom, 5 Wendell, 513.)
Where there are several pleas in bar, each going to the whole action, if the issue joined upon any one of them is found for the defendant, he is entitled to judgment as a matter of course, and notwithstanding all the other issues may be found for the plaintiff. One good bar to the action is enough. In this case, as the justification goes to all the alleged trespasses except those of which the defendant has been acquitted by the verdict, and as the issue joined upon the justification has been found in his favor, he had no occasion for making a special motion of any kind, but might have perfected judgment as a matter of course.
This brings us to the plaintiff’s motion for judgment non obstante veredicto. That judgment is rendered where the defendant by his pleading confesses, without sufficiently avoiding the action. The distinction between a repleader, and a judgment non obstante veredicto, is' accurately stated by Mr. Tidd. He says, where the plea is good in *89 form, though not in fact; or, in other words, if it contain a defective title or ground of defence, by which it appears to the court, upon the defendant’s own shewing, that in any way of putting it he can have no merits, and the issue joined thereupon be found for hitn, there, as the awarding of a repleader could not mend the case, the court, for the sake of the plaintiff, will at once give judgment non obstante veredicto: but where the defect is not so much in the title, as in the manner of stating it, and the issue joined thereon is immaterial, so that the court know not for whom to give judgment, whether for the plaintiff or defendant, there, for their own sake, they will award a repleader. A judgment therefore non obstante veredicto is always upon the merits, and never granted but in a very clear case: a repleader is upon the form and manner of pleading. (2 Tidd’s Prac. 953, Phila. 1828.) This distinction is adopted in 1 Chit. PI. 695, (ed. 1837.) Staple v. Haydon, (1 Salk. 173,) is a leading case on this subject. It is there said, that where the defendant pleads an ill plea, but the matter, if well pleaded, might have amounted to a good bar or justification, judgment can never be given against the defendant as by confession; but where the matter, though never so well pleaded, could signify nothing, judgment may in such case be given as by confession. This case is also reported in 2 Ld. Raym. 924, where Holt, C. J. took this difference: that where the defendant confesses a trespass, and avoids it by such a matter as can never be made good by any sort of plea, there judgment shall be given upon the confession, without regard to such an immaterial issue. But where the matter of the justification is such as, if it were well pleaded, would be a good justification, there though it be ill pleaded, yet that shall not be taken to be a confession of the plaintiff’s action. (6 Mod. 1, S. C.) Numerous cases in support and illustration of this doctrine have been collected and are cited by Mr. Tidd and Mr. Chitty at the pages already mentioned.
Let us now see how much can be gathered from the pleadings, taken in connection with the verdict of the jury. *90 The defendant assaulted the plaintiff. That fact is found by the jury on the plea of not guilty. But the plaintiff broke and entered the defendant’s close, and committed the first assault. Those facts are well pleaded by the defendant, and are admitted by the plaintiff’s replication. Thus far the defendant stands justified, on the ground that he was acting in necessary self defence. That excuse is, however, sufficiently answered by the replication, which alleges, in substance, that the plaintiff was ácting as a constable, having a warrant for the defendant’s arrest,. and used no more force than was necessary to execute the process. This brings us to the defendant’s rejoinder and the issue joined upon it, which the plaintiff insists is so utterly defective that he is entitled to judgment notwithstanding the verdict. The jury have found, in the language of the issue, that the plaintiff did not acquaint or give notice to the defendant that a warrant had been issued, or was in the plaintiff’s hands to be executed; and it is alleged in the rejoinder, and, not being denied, is admitted by the surrejoinder, - that the defendant did not know, by any other means, that a warrant had been issued. The case then comes to this: the plaintiff, being an officer and having a warrant, of which, however, the defendant knew nothing, broke and entered the defendant’s close, and committed what, aside from the warrant, was an assault upon the defendant’s person; and he did this without giving any intimation that he came as an officer .to execute legal process. Every reasonable intendment is to be made in favor of the party who has the verdict, and it is not too much to presume that the plaintiff was entirely silent in relation to his object in breaking the close and making the assault. If he had said, “ I have a warrant for you,” or “ I come to execute legal process,” or had in any other way intimated the nature of his business, the jury would have been warranted in finding the issue in his favor; but they have found against him. We are not at liberty to say that the plaintiff had any good excuse for his silence, for upon this motion presumptions are not to be indulged in his favor. And besides, he has put *91 himself upon another ground in pleading. He says, he gave the defendant notice—not that he had an excuse for omitting to do so. He must, then, be regarded as having acted without any reference to his official character, or the process in his hands. Whether he could justify under the warrant in an action for false imprisonment, is a question not now before us.(a) But he cannot, I think, complain that the defendant resisted what, so far as he had the means of judging, was an illegal trespass upon his property and a rude assault upon his person. To allow an officer to recover damages in such a case, would be to permit him to take advantage of his own misconduct. A liberal protection should be awarded to public officers when they act uprightly; but they are entitled to no favor when they designedly act in such a way as to lead third persons into difficulty. When they fall into error in an honest effort to discharge their duty, it is enough that they are allowed to set up their official character as a shield. They should not be permitted to use it as a weapon of assault against one who has been misled by their improper conduct, and who has done nothing more than resort to the law of self defence.
The cases cited by the plaintiff’s counsel relate to the question when, and under what circumstances, the officer is bound to show his warrant to the person arrested. Hawkins says, that a bailiff or a constable, if they be sworn and commonly known to be officers, and act within their own precincts, need not shew their warrant to the party, notwithstanding he demand the sight of it. (Hawk. P. C. B. 2, c. 13, § 28, Curwood’s ed.) And to the same effect is 2 Hale P. C. 116, Bond. 1778; 1 Burn. Just. 108, Bond. 1785; 1 Chit. Cr. B. 50, 1, ed. 1819. The editor of Hale thinks, that the warrant spoken of was not that for arresting the party, but the warrant by which the person making the arrest was constituted bailiff or constable. {And see *92 1 East’s P. C. 319.) And Hale elsewhere says, that if the officer be demanded he should shew his warrant. (1 Hale’s P. C. 583.) In Hall v. Roche, (8 T. R. 187,) Lord Kenyon thought it a most dangerous doctrine that the officer was not bound to show the warrant for the arrest when the party demands to see it, because it may affect the party criminally in case of resistance. He added, “ I do not think that a person is to take it for granted that another, who says he has a warrant against him without producing it, speaks truth.” It seems, however, to be settled, that a regular officer acting within his proper district is not bound to show his warrant for the arrest, though it be demanded. (Arnold v. Steeves, 10 Wend. 514.) But all the books agree that the officer is bound to give the substance of the warrant or process, to the end that the party may know for what cause he is arrested and take the proper legal measures to discharge himself. (Isabel, Countess of Rutland’s case, 6 Co. 54, 5.) This is, however, where the party submits to the arrest, and not where he makes resistance before the officer has time to give the information. (Mackalley’s case, 9 Co. 69. Commonwealth v. Field, 13 Mass. R. 321.) Although the officer is not bound to exhibit the warrant—especially where there may be reason to apprehend that it will be lost or destroyed—yet I cannot doubt that it is his duty to inform the party, where such is the fact, that he has a warrant, or to make known in some other way that he comes in his character as an officer to execute legal process; and not leave the party to suppose that he is assailed by a wrong-doer. (See Fost. Cr. L. 310, 11; 1 Russ, on Cr. 451, 514.) The contrary doctrine would be likely to lead to violence and bloodshed. I do not say that the officer is bound to declare the particulars of his authority before, he makes the arrest, or that it may not sometimes be proper to lay hands on the party before a word is spoken; but either before or.at the moment of the arrest, the officer ought to say enough to show the party that he is not dealing with a trespasser, but with a minister of justice. If the plaintiff had done so in this case, the verdict," we must presume, would have been in his favor.
*93 As a question of evidence, the jury would have been warranted in presuming, unless the contrary was shown, that the process was duly executed. But it is now too late to make any intendment in favor of the officer. The jury have found against him; and as there is no motion for a new trial, we must assume that they were properly instructed by the judge, and that they found against the plaintiff because the evidence left them no room to presume in his favor.
Although the rejoinder would probably have been held bad on demurrer, I think the issue which has been found for the defendant is not so wide of the mark as to entitle the plaintiff to judgment non obstante veredicto; and he asks for nothing else. The defendant’s motion ihust fail because he had no occasign for making it; and the motion of the plaintiff fails because he is not entitled to it.
Motions denied.

 See Frost v. Thomas, (24 Wendell, 418,) the principle of which would seem to deny the officer’s right to use the process even by way of justification. But see Arnold v. Sleeves, (10 Wend. 516.)