By the Court, Cowen, J.
The arrest was by virtue of an endorsed warrant for obtaining money by false pretences; which may be punished by imprisonment in the state prison or in a county jail, or by fine, or’ both. (2 R. S. 564, § 53, 2d ed.) Being punishable by imprisonment in the state prison, it follows that the prisoner should have been carried back to the magistrate who issued the warrant, or into his county, there to undergo an examination, and be committed, bailed or discharged. (2 R. S. 591 to 593, 2d ed.) There was no power to take bail in the county of Cortland, and the case is the same as if' the plaintiff had been suffered to go at large on taking his word.
The question is, whether the prosecution instituted by the defendant can be said to have been terminated, disposed of, or, as the books usually say, at an end, It is agreed by the books that this is an essential condition. I by no means accede to the doctrine inadvertently advanced by some judges, that all right to prosecute for the offence must be terminated by a technical acquittal. (See per Buller, J., in Morgan v. Hughes, 2 T. R. 225, 231, 2.) (a) Nor can it be essentially necessary *347 that there should he an adjudication of the magistrate, or indeed any judicial decision upon the merits, by any court, as seems to be supposed by some. (See Secor v. Babcock, 2 Johns. 203; M’Cormick v. Lisson, 7 Cowen, 715.) The manner in which the prosecution is disposed of, as if it be by compromise, which was the case last cited, may interpose great if not insurmountable obstacles to showing a want of probable cause; but the technical prerequisite is only that the particular prosecution be disposed of in such a manner that this cannot be revived, and the prosecutor must be put to a new one. Thus, supposing the warrant to be duly executed and the party to appear, though the bill of indictment be returned ignoramus, or be preferred coram non jur dice, or, after being found, an acquittal follow for its insufficiency, the cause is at an end within the rule ; for it would- be strange if a party could be protected from prosecution for his malice by procuring the cause to be discontinued on account of some irregularity.(b) So where the prosecution stops with the justice, if the accused be there discharged for any cause, though the justice err, the warrant is functus officio, and the particular prosecution at an end. The mere discontinuance of a civil suit in any way, satisfies the rule; and the defendant may sue tire plaintiff, if he can make out malice and want of probable cause. *348 The cases relating to the point are most of them collected in Selw. N. P. 1078 et seq., Am. ed. of 1839. At p. 1079, the author says: “ The grounds of the action for a malicious prosecution are the malice of the defendant either express or implied, want of probable cause, and an injury sustained by the plaintiff by reason of the malicious prosecution, either in his person by imprisonment, his reputation by the scandal, or in his property-by the expense.”
In the case at bar, however, though I admit there was every thing but a termination of the prosecution, I have been unable to satisfy myself that it is legally at an end even within a construction of the rule most favorable to the rights of the plaintiff. I admit the prosecution was probably most vexatious. Here was a warrant for a felony, grounded on facts out of which I can make no more than a case of damage for breach of a common warranty of merchantable quality in wheat sold. The. fault suggested in the charge of the judge, therefore, in respect to probable cause, or the finding of the jury, is most unfounded. Yet no action will lie unless the prosecution was at an end.
The utmost we can say of the proceeding in Cortland county, is, that the constable was guilty of suffering a voluntary escape. The proceeding as to bail was a nullity. The plaintiff was under no obligation to appear at the Seneca county sessions; nor the defendant to go there as prosecutor. It is said, the plaintiff might waive the defect, and appear voluntarily to answer an indictment—as he did. That would be true if there had been no warrant and no bail; and the defendant too might have gone and presented his complaint to the grand jury. The case as to both was the same as if there had been no bail, and such steps could not be connected with the warrant as part and parcel of the original prosecution. They would have constituted an independent proceeding; and, however it might have terminated, the ,warrant could not be considered as performing any office in the matter. To continue that, the accused should have been conducted back to the county of Seneca, brought before a magistrate, and disposed of by discharge, or on bail, or by commitment, with notice to the prosecutor at least, if not a binding *349 of him and his witnesses to appear a^d prosecute, should probable cause have appeared.
Then, did thff voluntary escape put an end to the warrant ? That would not be so even if the prosecution had been a civil one. (Arnold v. Stecves, 10 Wend. 514, 515.) It is said in some books that in case of criminal process the officer suffering the escape cannflt retalie the accused. The question is not settled ; but I am inclined to think the law is otherwise, and so it is considered in those books which treat the subject with the greatest care. _':The people ought not to be deprived of any right by an escape -of whatever kind from custody under criminal process. Thdugh the officer consent to the escape, he is bound to retake the prisoner. (2 Curw. Hawk. ch. 19, § 12; Dickinson v. Brown, 1 Esp. Rep. 218, Peake's N. P. Cas. 234, S. C.; Butt v. Jones, 1 Niel Gow's N. P. Cas. 99; Chit. Cr. L. 61, Am. ed. of 1841.)
The established distinction in civil cases is this: On mesne process the sheriff may retake the prisoner, even after a voluntary escape. The object is to have him at the return day, and it would be most unreasonable to receive his objection that the sheriff had indulged him without bail. But after commitment in execution, he is discharged, because the sheriff is chargeable in his stead. (Atkinson v. Matteson, 2 T. R. 172.) In criminal cases, no such distinction prevails between mesne and final process; and in Butt v. Jones, it was held that, after the voluntary escape of a criminal in execution for a fine, he might be retaken by the very officer who consented to the escape. A fortiori, as to an escape of that sort from mesne process.
If this view of the question be right, and, on the whole, I entertain no doubt that it is, then the warrant by virtue of which the plaintiff was arrested still remains in force to all intents and -purposes. It is process under which he may yet be arrested, held to an examination, and, on probable cause being made out, his person may be secured by bail or commitment to abide a trial, provided an indictment should be found. The prosecution was not at an end within the reason of the rule we have examined.
*350 It is supposed that the plaintiff proved every thing exactly as alleged in his declaration ; and that this, therefore, is not a case for a nonsuit or new trial. The declaration I think imports, on the whole, that such steps were taken as put an end to the prosecution, notwithstanding the escape. It avers that the defendant deserted and abandoned the prosecution; which might have been by causing the warrant to be duly returned, and then admitting his error before the justice. Such a step would have been admissible in evidence under the averment, and would have answered the objection that all proceedings stopped and stood suspended from the time of the escape. The evidence, therefore, came short of the declaration, and presented a ground for nonsuit upon objection for its insufficiency. A motion in arrest would not do; for we should be bound to intend, after-verdict, that a technical end of the prosecution had been proved, even though defectively alleged in the declaration.
New trial granted.

 It seems to have been held that if the plaintiff be convicted in the suit or proceeding complained of, this is conclusive evidence of probable cause, and therefore an action for malicious prosecution will not lie, even though it can be shown *347 that the conviction was the result of conspiracy and perjury. (Williams v. Woodhouse, 3 Dev. Rep. 257; Feazle v. Simpson, 1 Scamm. Rep. 30; and see Mellor v. Baddeley, 6 Carr. & Payne, 374.) In Whitney v. Peckham, (15 Mass. Rep. 243,) it appeared that the plaintiff, after being convicted before a justice of an assault and battery, appealed to the common pleas, where he was acquitted; yet held, that he could not maintain an action for malicious prosecution, the conviction being conclusive evidence of probable cause. The doctrine of this case underwent an able and searching examination in Burt v. Place, (4 Wend. 591,) where it was adjudged that the action might be maintained, under such circumstances, notwithstanding the decision of the justice, provided there was proof of malice and want of probable cause. (See also Maddox v. Jackson, 4 Munf. Rep. 462; Grant v. Deuel, 3 Rob. Lou. Rep., 17, 21.)

 See Anderson v. Buchanan, (1 Wright’s Rep. 725, 6.) The entry of a nolle prosequi is a sufficient termination of the prosecution to warrant the action. (Yocum v. Polly, 1 B. Monroe’s Law and Eq. Rep. 358; but see Goddard v. Smith, 6 Mod. 261.)