Hutchinson *v.* Sangster.

---

## HUTCHINSON *v.* SANGSTER.

An answer, under the Code, should specifically deny ; or admitting, should set forth that which would justify and avoid every material allegation in the petition.

In an action for false imprisonment, the defendant may justify by averring, in his answer, that he was acting as city marshal, and that the plaintiff was so disturbing a worshiping congregation, as make his arrest necessary ; and that he was only confined until he became sufficiently sober, or until he could be taken before a magistrate for examination.

The power to detain an offender in custody, for a reasonable length of time, is inherent to the duties of a peace officer.

Where judgment was not rendered by default, and the question of damages is submitted to the jury, the defendant's right to address the jury is not disturbed by the Code, § 1831.

Section 1831 of the Code should be strictly construed. The constitutionality of this section questioned.

### Appeal from Johnson District Court.

*Opinion by* GREENE, J.   Charles C. Sangster, filed his petition against Robert Hutchinson, claiming $3000 damages for trespass and false imprisonment. Defendant's answer denies or justifies all of the allegations in the petition. A demurrer to the answer, averring that it " does not show a substantial cause of defense," was sustained. The defendant, resting upon the demurrer, a jury was called to assess damages; and after the plaintiff's witnesses were examined and cross-examined, defendant's counsel

asked leave to address the jury, and asked for certain instructions from the court in relation to the question of damages, which were refused.

Verdict and judgment of five dollars against defendant, who appeals and assigns as error.

1. The decision on demurrer.

2. The refusal to permit the attorney to address the jury.

3. The refusal of the court to instruct the jury as requested.

1. Did the court err in sustaining the demurrer to defendant's answer? The answer should specifically deny, or admitting, should set forth that which would justify and avoid every material allegation in the petition. We think the answer in this case sufficiently traverses or avoids, every fact upon which the plaintiff's action is founded. The denials are specific; and in avoidance, the answer sets forth with more than necessary detail, and with sufficient clearness, that at the time of the alleged trespass, the defendant. was marshal of Iowa City, and a conservator of the peace ; that the plaintiff came into the Baptist church, in a state of intoxication, while the choir of said church were engaged in singing, and with other persons, made a noise and disturbance to the annoyance of the choir; that he was requested by the defendant, as marshal, to leave the. church, and thereupon became more noisy, and much enraged, and on being put out of the church, refused to go away ; that he threatened and insisted on fighting; that the defendant, in order to prevent a breach of the peace, arrested plaintiff while he was thus threatening to fight, and as he was so intoxicated as to be unfit for examination, and the defendant, not being able to find the mayor of the city, or any other judicial officer, before whom he could be taken for examination, took the plaintiff to the county jail, until such time as a judicial officer could be found, and until the plaintiff became sufficiently sober to undergo an examination; that he was thus necessarily detained-

in jail from one to two hours, and he was then discharged from custody by the mayor of the city, and that this and no other, is the trespass complained of by the plaintiff.

The facts alleged in the answer, and which, so far as well pleaded, are admitted to be true by the demurrer, constitute a good defense to the petition. As marshal of Iowa City, the defendant was a conservator of the peace. Laws of 1833, Code, 9, § 5823.

A peace officer may arrest a person for an offense committed or attempted in his presence, Code, § 2840. In this case, an offense was not only attempted, but actually committed, according to the averments in the answer, which under the demurrer, must be regarded as true. It is an offense—a violation of the public peace, " to make or excite any disturbance in any tavern, store," &c., " or at any public meetings, or in any other place where the citizens are peaceaby and lawfully assembled," &c. Code, § 2742. An offense is attempted when a person undertakes to assault and resist an officer, or when an officer is threatened. The answer clearly shows that the officer was justified in making the arrest; and at common law, he had the power to detain the offender till he could be taken before a magistrate for examination. 2 Jacob's Law Dic., 40; 1 Black. Com., 372; 4 ib., 295; 1 Chitty's Cr. S., 19, 26 ; *Arnold* v. *Stevens*, 10 Wend., 514.

The averred intoxication of appellant, his consequent unfitness for examination, and the difficulty in finding a judicial officer, justified the detention, for a reasonable time. Two hours, under the circumstances, could not be deemed unnecessary or unreasonable.

The power to detain in custody, for a *reasonable time*, when an offense has been committed, or attempted, is indispensable to the duties of a peace officer. The power is inherent. The exercise of it, often becomes unavoidable. The answer in the present case shows ample justification.

2. Did the court err in refusing to allow defendant's

attorney to address the jury? When a judgment is rendered by default, " the defendant may appear at the time of the assessment and cross examine the plaintiff's witnesses, but for no other purpose." Code, § 1831. The court below, evidently regarded this as a judgment by default. But as the defendant did not fail to file his answer, nor " withdraw his pleading," Code, § 1824, it cannot be regarded as default, in contemplation of the Code. The defendant did not withdraw his answer, but trusting to its legal sufficiency, submitted to a judgment on the demurrer. The judgment was rendered as the result of a defective answer, and not in default of an answer. We think therefore, that the defendant's counsel had a right to address the jury on the question of damages, and had a right to claim instructions from the court as to the true measure of damages.

It is not the policy of our laws to exclude a party from a hearing, and a statute having that effect, should not be favored by our courts. It should be restrained to its closest limits, and should only be enforced where a case comes fully within its requirements.

Where a party has a right to a jury trial on any question can that right be constitutionally trammeled by the restrictions of this section? Can a party be thus debarred from a hearing before a jury, or from having legal instructions given, to guide them in their finding? Can these restrictions be enforced, and still the constitutional " right of trial by jury, remain inviolate." These questions might legitimately arise in the case, but as they were not adjudicated below, nor referred to by argument here, they will not now be answered.

Judgment reversed.

*Wm. Penn Clarke*, for appellant.

*J. D. Templin*, for appellee.