## COMMONWEALTH *vs.* WILLIAM F. IRWIN.

An officer, who has a warrant for the arrest of a person on a criminal charge, and who has
reasonable cause to believe, and does believe, that he is in the house of another, may,
after being admitted into the outer door thereof, lawfully search the premises for the
person named in his warrant, if he acts in good faith and in a reasonable manner, although
in fact the person sought for is not there.

An officer, who has obtained entrance into the house of a third person for the purpose
of searching for one against whom he holds a warrant on a criminal charge, is not
bound to exhibit his warrant to the householder, provided the latter has reasonable no-
tice that he is an officer and is acting under a warrant against a person supposed to be
there.

INDICTMENT for assault and battery upon Frederick P. Moore,
a police officer of Boston. At the trial in the superior court,
evidence was introduced tending to show that a person against
whom Moore had a warrant on a criminal charge was seen to
enter the defendant's house in the night, and that Moore after-
wards knocked at the outer door, and was admitted with three

other officers ; that, after being so admitted, he was asked what he wanted, and replied that he wished to find a man against whom he had a warrant; that the defendant answered, " there is nobody here for you," and demanded by what authority he entered ; that Moore did not exhibit any warrant, but he and his associates all wore the badge and uniform in use among the police officers of the city of Boston. There was conflicting evidence in relation to the circumstances immediately attending the commission of the assault, but they were submitted to the jury under instructions respecting which no question was raised at' the argument. Two witnesses on the part of the defence testified that the person for whom Moore was seeking was not in the defendant's house when he entered it, and had not been there that night. The defendant requested the court to instruct the jury that, unless the person whom Moore was endeavoring to arrest was in fact in the defendant's house at the time of his entering it, the defendant had a right to treat him as a trespasser, and to use such force as was necessary to prevent him from carrying out his purposes. But *Ames*, J., declined so to rule, and instructed the jury that Moore, after knocking at the door and being admitted, had a right, acting in good faith and in a reasonable manner, to make search in the premises for the person against whom he had a warrant, if he reasonably and in fact supposed that person to be there ; and that he was not bound to exhibit his warrant to the defendant, provided the defendant had reasonable notice, from Moore's badge, uniform and declaration, that he was an officer and was acting under a warrant against a person whom he supposed to be there.

The jury returned a verdict of guilty, and the defendant al-'eged exceptions.

*G. D. Noyes*, for the defendant. An officer entering the house of a stranger for the purpose of serving process, either civil or criminal, against a third person, is a trespasser, unless such person is in the house at the time when the entry is made. This rule applies even if the entry is made by an open door, unless it is done by permission. *Morrish* v. *Murrey*, 13 M. & W. 52. *Johnson* v. *Leigh*, 6 Taunt. 245. *Cooke* v. *Birt*, 5 Taunt. 765.

*Hutchison* v. *Birch*, 4 Taunt. 627.   2 Hale P. C. 117.   *Oystead* v. *Shed*, 13 Mass. 520.   *Banks* v. *Farwell*, 21 Pick. 156.

2. It was the officer's duty, upon request, to show some sufcient authority for entering and searching the defendant's house. *Countess of Rutland's case*, 6 Co. 54.   *Mackalley's case*, 9 Co. 69.   *Hall* v. *Roche*, 8 T. R. 187.   *State* v. *Phinney*, 42 Maine, 384.   1 Hale P. C. 438.   Gen. Sts. *c*. 158, § 1.

*Foster*, A. G. for the Commonwealth, cited on the 1st point, 1 East P. C. *c*. 5, § 87; 1 Deacon's Crim. L. 52; Barbour Crim. L. 548; Crocker on Sheriffs, § 63; 1 Chit. Crim. L. 57, 58; *Semayne's case*, 5 Co. 91; 1 Smith's Lead. Cas. 39; *Hutchison* v. *Birch*, 4 Taunt. 625; *Ratcliffe* v. *Burton*, 3 B. & P. 225; and on the 2d point, Gen. Sts. *c*. 158, § 1; *Mackalley's case*, 9 Co. 66; *Bellows* v. *Shannon*, 2 Hill, (N. Y.) 86; *Arnold* v. *Steeves*, 10 Wend. 514; *Commonwealth* v. *Field*, 13 Mass. 323.

METCALF, J.   The court are of opinion that all the instructions given to the jury were as favorable to the defendant as the law would authorize.

As the officer had a warrant for the arrest of the person for whom he searched in the defendant's house, it seems from the authorities cited in support of the instructions, that he would have been justified even in breaking open the door of the house, after demanding admittance and being refused, and in searching therein for the person named in the warrant, although he was not there.   Foster's Crown Law, 321.   1 East P. C. 323, 324.   1 Deacon's Crim. Law, 52.   1 Russ. on Crimes, (7th Amer. ed.) 628.   According to these books, an exception, in favor of an officer holding a warrant against an alleged offender, is made to the rule stated in 2 Hale P. C. 103, 117, that an officer, who breaks into another's house to arrest a felon, does it at his peril, and is justifiable, if the felon be there, and not justifiable, if he be not there.   But we think that this exception should be qualified, as it was in the judge's instructions, by the proviso that the officer must have reasonable cause to believe that the person against whom he holds a warrant is in the house; and when thus qualified, we deem it a sound rule of

law. In the case at bar, however, the officer had no occasion to enter the defendant's house forcibly, but was admitted immediately on his knocking at the outer door. And we must infer from the verdict which was returned under the instructions given, that the jury found that the officer had reasonable cause to believe, and in fact did believe, that the person, against whom he held a warrant, was in the house, and that he did no more in the house than he lawfully might do.

The instructions as to the showing of the warrant to the defendant, by the officer, substantially conformed to the law. Law of Arrests, 176, 189. 2 Hawk. *c.* 13, § 28. *Arnold* v. *Steeves*, 10 Wend. 514. *Bellows* v. *Shannon*, 2 Hill's (N. Y.) Rep. 86. *Exceptions overruled.*