# SUPREME COURT.

## JAMES LEWIS agt. THOMAS D. PENFIELD.

An action for *false imprisonment* will not lie upon the arrest of the plaintiff on an attachment as a creditor, in proceedings supplementary to execution, issued by a special county judge, on either of the alleged following grounds:

*1st.* That no *referee* was appointed. The order requiring the plaintiff to appear before A. B., referee, at his office, &c., was served on the plaintiff. The Code does not require the order appointing the referee to be incorporated with the order requiring the creditor to appear; they may be separate orders. Besides, the order served contained a valid appointment of a referee.

*2d.* That the error of the *year* in which the plaintiff was required to appear vitiated the order. The order signed by the officer and delivered to be served, required the plaintiff's appearance on the true day and year, and the proof of service of the order declared that it was a copy of that order that was served on the plaintiff, and it did not appear that the copy served differed in any respect from the original order.

*3d* That the *stay of proceedings*, procured by the plaintiff, in order to move to set aside the attachment, prevented the sheriff from rearresting the plaintiff and keeping him in close custody. The plaintiff was, by the agreement of his counsel, to be considered in the custody of the officer, and that the officer's rights should not be impaired by omitting to confine him. The stay of proceedings on the attachment did not affect the right of the officer to detain the plaintiff, so as to insure his presence before the special county judge, when the case should be in a condition to be heard. That order merely prevented the judge from proceeding to inquire further into the contempt, until the motion to set aside the attachment was heard.

*4th.* The *county judge having set aside the attachment*, the attachment proceedings could not be used to protect the defendant. The special county judge having had jurisdiction to make the order that the plaintiff appear before the referee, and the proof of service of such order, giving him jurisdiction of the person of the plaintiff, it follows that the attachment, and the proceedings under it, were regular and a protection to all the parties to the proceedings.

There is no provision of law authorizing the *county court* to review, on motion or otherwise, the proceedings of a special county judge in proceedings supplementary to execution. The Code (§ 349) provides for a review of such proceedings by appeal to the supreme court. If, therefore, the county court had heard the motion and set aside the proceedings, its order would have been simply a nullity.

The attachment not having been legally set aside it was a protection to all concerned for what was done under it.

*Oneida circuit and special term, Feb., 1870.*

*Before* MULLIN, *Justice.*

ACTION for false imprisonment. The facts will sufficiently appear in the opinion of the court.

JOHNSON & PRESCOTT, *attorneys for defendant.*
—— *for plaintiff.*

MULLIN, J.—The plaintiff was proceeded against as a creditor of Henry Lewis, in proceedings supplementary to execution, before the special county judge of Oneida county and an order was made by such special county judge requiring the plaintiff to appear on the 4th day of March, 1863, at 9 A. M., before a referee named in such order, at his office in Camden in said county.

The copy of the order served on the plaintiff required him to appear before said referee on the 4th March, 1862; but it appears that the person who served the order informed the plaintiff of the day on which he was required to appear, and specified the day after town-meeting as the day which, in 1863, was the 4th day of March. The plaintiff did not appear on the day designated, and subsequently and on the 24th day of March, an attachment was issued against said plaintiff for disobedience of said order.

The plaintiff was arrested on said attachment, and taken before the special county judge by whom it was issued, and thereupon the plaintiff caused affidavits to be served on the defendant's attorney, with notice of a motion to be made in the county court of Oneida county, at a time and place specified, to set aside said attachment and all proceedings thereon.

The parties stipulated that such motion might be heard before the county judge out of court, and that all proceedings on the proceedings supplementary to execution be stayed until the hearing and decision of said motion. The plaintiff's attorney giving assurance the plaintiff would not leave the jurisdiction of the officer having him in custody, the plaintiff was left in the custody of such officer.

Some time thereafter, and before the decision of said motion, the officer having reason to believe that the plaintiff was about leaving the county, took him into custody, handcuffed him, carried him to Rome, and after detaining him two days he was discharged from the arrest.

It is for these arrests and detention, or one of them, that this action is brought.

The proceedings of the special county judge and of the sheriff are claimed to be illegal in several respects. It is claimed:

1st. There never was a referee appointed. The word in the order requiring the plaintiff to appear before Ines Monroe, Esq., referee, at his office, &c., is not an appointment of Monroe as referee.

2d. The copy of the order served required the plaintiff to appear on the 4th March, 1862, whereas the order made by the special county judge required him to appear on the 4th March, 1863, and hence the plaintiff could not be guilty of a contempt in not appearing on a day which had passed nearly a year before the day of the hearing of such copy order.

3d. That proceedings being stayed on the attachment by order of the special county judge for twenty days the sheriff could not arrest the plaintiff until the expiration of such time.

4th. That the county judge having set aside the attachment, and proceedings thereon, they are no longer a protection for the arrest and detention of the plaintiff.

The order staying proceedings on the attachment is dated the 3d day of April.

The stipulation that the motion be heard by the county judge at chambers, is dated the 13th April, and his decision setting aside the attachment and proceedings thereon is dated the 31st May, and the arrest was made about the last of April, I will examine these propositions in the order in which they are stated.

Lewis agt. Penfield.

*1st.* Was there a referee appointed in the supplementary proceedings?

In the absence of all proof to the contrary, we must assume that an affidavit, setting forth the facts required by the Code to be stated in order to entitle a party to an order requiring a creditor of the judgment debtor to appear and answer, was duly made and presented to the special county judge: the recitals in the order are evidence *prima facie* of such facts, (*Potter agt. Merchants Bank*, 28 *N. Y.*; 641,) and when such affidavit was delivered to him, he acquired jurisdiction of the subject matter, and was thereupon authorized to make an order requiring the creditor to appear and appoint a referee.

The Code does not require the order appointing the referee to be incorporated with the order requiring the creditor to appear; they may be separate orders, and if the order appointing a referee is not in the one requiring his appearance, we must presume it to have been a separate order, in the absence of evidence negativing such presumption, jurisdiction being shown, the subsequent proceedings are presumed to be regular. It may be said that the order appointing a referee should be served when the *debtor* is required to appear before a referee. That may be assumed, yet there is no evidence that such an order was not served on this plaintiff. The order served named the referee, and a time and place for appearance, and unless such notice is void for some other reason, it is not void for the one suggested. But however this may be, I am of the opinion that the order does contain a valid appointment of the referee.

*2d.* Did the error of the year in which the plaintiff was required to appear vitiate the order, so that the plaintiff was not bound to obey it, and was not guilty of contempt for disobeying it.

The order signed by the officer, and delivered to be served, required the plaintiff's appearance on the 4th March, 1863.

The proof of service of the order declares that it was a copy of that order that was served on the plaintiff, and it did not appear that the copy served differed in any respect from the original order.

Under these circumstance a contempt was clearly established, and the attachment was properly issued, and the arrest by virtue thereof was perfectly regular. If the defect in the copy of the order served was proved to the special county judge when the plaintiff was brought before him by virtue of the attachment, or at any time subsequent he did not lose jurisdiction of the proceedings. That was complete when due service of a copy of the order issued was made, as that order was valid the contempt was complete.

3d. Did the stay of proceedings on the attachment prevent the sheriff from arresting the plaintiff if he attempted to leave his bailiwick.

At common law, sheriff could not re-arrest a defendant after a voluntary escape on final process in a civil action, (*Graham Practice*, 148,) but he could arrest after a voluntary escape on mesne process. (*See Brunson* agt. *Noyes*, 7 *Wend.*, 188; *Arnold* agt. *Steves*, 10 *Wend.*, 514; *Storm* agt. *Wood*, 5 *J. R.*, 182.) So also, after arrest on criminal process, the officer may arrest a prisoner whom he has permitted voluntarily to escape, (1 *Chitty's Criminal Law*, 61.) The plaintiff was by the agreement of his counsel to be considered as still in the custody of the officer, and that the officer's rights should not be impaired by omitting to confine him. The stay of proceedings on the attachment did not affect the right of the officer to detain the plaintiff, so as to insure his presence before the special county judge, when the case should be in a condition to be heard. That order merely prevented the judge from proceeding to inquire further into the contempt, until the motion to set aside the attachment was heard, or other events on which the continuance of the stay depended had happened.

The stipulation had the same effect, no more, no less, neither prevented the officer having the prisoner in custody, from preventing his escape beyond the county and house; for such detention an action for false imprisonment will not lie.

*4th.* The county judge has set aside the attachment, can it be used to protect the defendant? If I am right in holding that the special county judge had jurisdiction to make the order that plaintiff appear before the referee, and that the proof of service of such order gave him jurisdiction of the person of the plaintiff, it would follow that the attachment and the proceedings under it were regular and a protection to all the parties to the proceedings.

There is no provision of law authorizing the county court to review on motion, or otherwise, the proceedings of a special county judge in proceedings supplementary to execution. Section 349 of the Code provides for a review of such proceedings by appeal to the supreme court. If, therefore, the county court had heard the motion and set aside the proceedings, its order would have been simply a nullity. I have had doubts, whether Judge SMITH was not, by the stipulation between the attorneys, made arbitrator, to whom the question of the validity of the attachment was submitted, and whose decision might in that character be final, and deprive all parties of the protection which the attachment would otherwise have afforded, *(Chapman* agt. *Dyett,* 11 *Wend.,* 31.) But as the decision of Judge SMITH was, by the agreement of the parties, to have the same effect as if made by him sitting in court, and as such decision would have been of no effect, his decision at chambers can have no greater effect.

To entitle the plaintiff to recover against the defendant, he must show that he was illegally imprisoned by the defendant, or by some other person acting by his direction. The only proof that the defendant has had any connection with the proceedings is, the evidence of the

officer making the arrest, that after the plaintiff was arrested and permitted to go at large, and after it was ascertained that the plaintiff was about leaving the county, he called on the defendant to know whether he should arrest the plaintiff, and defendant told him to do as the attorney directed, the attorney directed the officer to arrest the plaintiff, and he did.   The original arrest was, as I have attempted to show, legal and in full force at that time, and the officer was only taking into actual custody a person theretofore arrested, and who had escaped or been permitted to go at large; no new arrest was made which could subject any person to liability.   The instruction to the officer to obey the directions of the attorney, called upon the officer to do in the premises what it was his duty to do without them.

The attachment not having been set aside, it was a protection to all concerned for what was done under it.

I must, therefore, order judgment for the defendant, with costs.