THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
*v.* JOHN SHANLEY, APPELLANT.

*Criminal Procedure—arrest by an officer under a warrant—when he must have the
warrant in his possession — Code of Criminal Procedure, sec. 173.*

The defendant was indicted and convicted of an assault in the second degree for
having resisted one Knapp, a police officer of Lansingburgh, who attempted to
arrest him for a misdemeanor, not committed in the officer's presence  A war-
rant had been issued and was at the time in the office of the chief of police, but
not in the actual possession of the police officer.  The defendant knew that
Knapp was a police officer and had heard that the warrant had been issued.
The court charged that the warrant was in the constructive possession of the
officer, and declined to charge that it was the duty of the officer to disclose to
the defendant his authority and the process under which he arrested him.
*Held,* error; that the language of section 173 of the Code of Criminal Pro-
cedure, regulating arrests by officers under warrant, required the officer to have
the warrant in his actual possession, ready to be shown to the defendant if
required.
*Galliard* v. *Laxton* (2 Best & Smith, 363) and *Codd* v. *Cabe* (L. R., 1 Ex. Div.,
352) followed, and *Arnold* v. *Steeves* (10 Wend., 515) criticised and not followed.

APPEAL from a conviction and judgment of the Court of Sessions
of Rensselaer county, convicting the defendant of an assault in the
second degree.

*James H. Ryan,* for the appellant.

*La Mott W. Rhodes,* district attorney, for the people.

LEARNED, P. J.:

The defendant was indicted and convicted of assault in the second
degree.   The alleged crime was committed in resisting one Knapp,
a police officer of Lansingburgh, who attempted to arrest him for a
misdemeanor, not committed in the officer's presence.   A warrant
had been issued, and was at the time in the office of the chief of
police.   It was not in the possession of the officer who made the
arrest, unless, being in that office, it was constructively in his pos-
session.   The defendant knew that Knapp was a police officer, and
had heard that the warrant had been issued.   The charge of the
court was that the warrant was in the *constructive* possession of

the officer, and the court declined to charge that it was the duty of the officer, at the time of the arrest, to disclose to the defendant his authority and the process under which he arrested him. Whether the charge was correct in these two respects is the question.

The Code of Criminal Procedure (§ 168) provides that arrest may be : First. By a peace officer under a warrant. Second. By a peace officer without a warrant. Third. By a private person. Section 177 states the cases when a peace officer may arrest without a warrant. They do not include the present case. Section 183 states the cases when a private person may arrest. They do not include the present case. This arrest must then be one made by an officer *under* a warrant, in order to be justifiable. Section 173 provides that "the defendant must be informed by the officer that he acts under the authority of the warrant, and he *must also show the warrant*, if required." This language would seem to be conclusive on the question before us. For, if the officer must show the warrant, if required, then it is plain that it must be in his actual possession. It would be absurd to construe this section to mean that after making the arrest the officer must, if required, take the defendant to some other place (it may be a mile or so distant) and there show him the warrant. The section means that when the defendant is informed by the officer that he acts under the authority of the warrant, the defendant may require him to show it and he must then show it. *Constructive* possession, for which the people argue, that is, the existence of the warrant in the office of the chief of police, would lead to *constructive* showing of the warrant. "Constructive" is a dangerous word. If the legislature had meant that the officer should *constructively* show his warrant, it would have been simpler to say he need not show it at all. Plainly, then, when the legislature speaks of arrest by a peace officer, *under a warrant*, they understood that the warrant should be in the possession of the officer in such manner that it might be shown to the defendant at the time of making the arrest.

On common-law principles, aside from statute, this same doctrine is laid down in *Codd* v. *Cabe* (L. R., 1 Ex. Div., 352), which followed *Galliard* v. *Laxton* (2 Best & Smith, 363). The former

of those cases was almost exactly like the present. A warrant had been issued against Codd and placed in the hands of one constable. Another constable, not being in the possession of the warrant, arrested him. Codd did not demand to see the warrant, resisted arrest and greatly injured the officer. For this resistance and assault Codd was convicted. The conviction was reversed by the three judges of the Court of Appeals, Bramwell, Wellor and Denman, and they stated that they had the concurrence of other judges whom they had consulted. Their decision is directly in point and shows the present view in England of the common law. The other case was similar.

If the remark in *Arnold* v. *Steeves* (10 Wend., 515) was correct, that an officer is not bound to show his warrant, which remark is followed (with a semble) in *Bellows* v. *Shannon* (2 Hill, 86), certainly that rule is changed by section 173 above cited. So that argument derived from those cases is of no weight. The same may be said of the remarks in 1 Bishop's Criminal Procedure (§§ 191, 192). The Code has declared that the officer must show his warrant if requested. And it follows inevitably that he must have it with him. We do not understand the district attorney to claim that Knapp could have lawfully arrested the defendant if there had been no warrant. Only that it was sufficient that the warrant should be in the office of the chief of police, to justify any policeman of the place to make an arrest within the police limits. And he argues that great inconvenience will arise from a contrary rule; that if one policeman has the warrant a criminal may evade him and keep within the beat of another, and the like. There is much force in this. But on the other hand the innocent citizen has a right to protection. It is hardly safe to say that, without a warrant, a policeman may arrest a citizen for an alleged misdemeanor not committed within his sight. If Knapp was justified in arresting this defendant then the innocent citizen must submit to arrest, without having the right to see the warrant before he yields to the alleged authority. It has not been claimed that there is any special law giving peculiar authority to the policeman of Lansingburgh. We have, therefore, examined the question only on the general statute and on general principles. We find no authority to justify the idea of "constructive" possession of a warrant. The idea is

repudiated in the two English cases, and it is inconsistent with the Code as above cited.

The judgment and conviction are reversed, and the prisoner discharged.

LANDON, J., concurred.

Judgment and conviction reversed, and prisoner discharged.