# PRACTICE REPORTS.

## SUPREME COURT.

### KNICKERBACKER agt. ALDRICH AND OTHERS.

By the true construction of the 399th section of the Code of 1851, the assignor of a thing in action shall not be admitted as a witness on behalf of any person deriving title through or from him, unless at least ten days notice of such intended examination of the assignor, specifying the points upon which he is intended to be examined shall have been given in writing to the adverse party.

The requirement of ten days notice is general, and applies to all cases in which "the assignor is to be examined in behalf of the party deriving title through him."

*Saratoga General Term, January* 1852—*Before* WILLARD, HAND, CADY and ALLEN, *Justices.*

By the Court, WILLARD, Justice.—This was a motion to set aside the report of a referee for irregularity. The action was brought by the plaintiff to recover an account for the work, labor and services of one Hamilton, done and performed for the defendants, and which had been assigned by Hamilton to the plaintiff. The defence was payment to Hamilton, and a set off as against him before the assignment.

On the trial the plaintiff introduced Hamilton as a witness to prove his account, and rested upon his evidence alone. The defendants not being personally present, but now residing in another state, an application was made for a stay of proceedings, to enable them to send a commission abroad to take their examination. This motion was refused, and a report made in favor of the plaintiff for the amount of the account. It appeared that no notice in writing had been given by the plaintiff's attorney to the defendants' attorney of his intention to examine the assignor

1

as a witness; and the only point finally insisted on was, that such examination could not be made, unless ten days previous notice in writing, specifying the points upon which he was intended to be examined, was given to the adverse party.

The 399th section of the Code under which the question arises, as it was amended in 1851, is obscurely framed. The section renders the assignor a competent witness in behalf of his assignee, but permits the adverse party, when the assignor is thus examined, to testify as a witness to the same matter in his own behalf. Thus far there is no room for mistake as to its meaning. The remaining sentence is so constructed that it is doubtful whether the ten days notice is an indispensable preliminary to the examination of the assignor in all cases, or whether it is only intended to be confined to those mentioned in that sentence. The cases mentioned in that sentence, are of actions brought by the assignee of one party against an assignee, or against the executor or administrator of the other contracting party. In these cases, beyond doubt, the assignor can not be examined, unless the other party to the contract is living, and his testimony can be procured, " nor unless at least ten days notice of such intended examination of the assignor, specifying the points upon which he is intended to be examined shall be given in writing to the adverse party." This part of the section may be illustrated by the following case: Suppose the assignee of the equity of redemption of mortgaged premises, brings his action against the assignee of the mortgagee, to compel satisfaction to be acknowledged, on the ground that the debt had been paid by the mortgagor. In this case, the plaintiff could not introduce the mortgagor as a witness to prove such payment, unless the mortgagee was living and his testimony could be produced; nor unless at least ten days notice thereof, specifying points, &c. should have been first given to the adverse party. If the mortgagee was dead, and the mortgage was vested in his executors or administrators, the plaintiff can not examine the mortgagor at all; because the title of the executor or administrator does not accrue till the death of the testator or intestate. The testimony of one of the parties to the contract can not in such case be produced, and therefore the other party shall not be permitted to testify in behalf of his

Knickerbacker agt. Aldrich and others.

assignee.   The policy of the section is, that the right of examination shall be reciprocal; and that ten days notice of such intended examination, shall be given by the one party to the other, and of the points to which the examination is to be directed, so as to avoid surprise.   This is full as important in an action by the assignee against the other party to the contract, as where the action is brought against the assignee of such other party.   The defendant can not know that his adversary will examine the assignor as a witness, unless he gives notice.   The law does not require the parties personally to attend the trial. If the construction be given to the section, which dispenses with notice where the action is brought against a party to the contract, it will be necessary for parties always to attend in person on the trial, with their books and memoranda to refresh their recollection.   If the last clause of the last sentence may be so construed as to qualify the right of calling the assignor in all cases, it will greatly mitigate the evil, if not remove it entirely. The sentence is elliptical.   First the assignor shall not be admitted in an action against an assignee, &c. unless the other party to the contract is living and can be produced.   This refers to a single class of cases.   Second; nor shall such assignor be admitted, unless at least ten days notice, &c., specifying the points, &c. shall be given in writing to the adverse party.   This is general, and applies to all cases in which this species of testimony is desired by either party.   If this be not the construction, the last clause, requiring notice, is wholly inoperative, when the other party to the contract or thing in action is dead, or his testimony can not be procured.   But by adopting this construction, full effect is given to every part of the section.

It is due to the Commissioners of Practice and Pleadings to say that they are not responsible for the 399th section as amended by the Code of 1851.   Under section 352 of the Code of 1848, the assignor of a thing in action, assigned for the purpose of making him a witness, was left to be disposed of by the rules of the common law.   If interested, he must have been excluded, unless released.   But the present Code makes him competent, without a release, though he be interested in the event of the action, and though the assignment was made for the express

purpose of making him a witness. The evils resulting from this departure from common law principles were doubtless intended to be compensated by the ten days notice of the proposed examination. Such notice will prevent surprise, and is in harmony with the practice in other cases. We think this is the true construction of the section, and we accordingly set aside the report, with costs to abide the event, for the error of the referee in admitting the assignor, without such notice.