## JAGOE *vs.* ALLEYN.

A person selling a note not negotiable is an assignor of a thing in action, or contract, within the meaning of § 399 of the code.

The last clause of that section, requiring notice of the examination of the assignor of a thing in action or contract, as a witness, to be given, is applicable to all cases in which such an assignor is to be examined in behalf of the party deriving title through or from him; and unless ten days' notice of the examination of such assignor has been given to the defendant, he cannot be admitted to be examined as a witness for the plaintiff.

Whether an indorser or person transferring a negotiable promissory note is an *assignor* thereof, within the 399th section of the code?  *Quære.*

THIS action was brought upon three promissory notes, made by the defendant and transferred by the payee to the plaintiff; and was tried before the court without a jury.  At the trial the

Jagoe v. Alleyn.

plaintiff produced the notes, the signatures of the defendant to which were admitted by him, and the notes were read in evidence. They were as follows:

" $200.                              Rochester, June 29, 1839.

Six months after date for value received, I promise to pay Joseph Jagoe or bearer two hundred dollars with interest.

JOSEPH ALLEYN."

" $100.                              Rochester, October 3, 1839.

Six months after date, for value received, I promise to pay Joseph Jagoe one hundred dollars with interest.

JOSEPH ALLEYN."

" 150.                               Rochester, Jan. 3, 1841.

Three months after date, for value received, I promise to pay Joseph Jagoe or order, one hundred and fifty dollars with interest.

JOSEPH ALLEYN."

On the back was the following: " Joseph Jagoe ⋈ his mark."

Joseph Jagoe was called and sworn as a witness on behalf of the plaintiff. Previous to his examination for the plaintiff, the witness testified that he was the payee of each of the said notes, and that he transferred the same to the plaintiff about the year 1849. The counsel for the defendant thereupon objected to the admission of the witness to testify, on the ground that ten days' notice of his intended examination on behalf of the plaintiff, had not previously to the trial been given to the defendant, agreeably to the provisions of § 399 of the code. The court overruled the objection, and permitted the said Jagoe to be examined; to which decision the counsel for the defendant duly excepted. At the close of the examination of the witness the plaintiff rested, and the defendant offered himself as a witness under the aforesaid section of the code. The plaintiff objected to his admission, and the objection was sustained by the court; to which decision an exception was duly taken by the defendant. The defendant then rested, and the court ordered judgment for the plaintiff in the sum of $852,10, the amount of the notes and interest, and also for costs of suit. Judgment having been entered, the defendant appealed to the general term.

*James Abrams*, for the plaintiff.

*Munger & Pomeroy*, for the defendant.

*By the Court*, T. R. STRONG, J.    In *Knickerbacker* v. *Aldrich*, a case decided at general term in the fourth district, and reported in 7 *How. Prac. Rep.* 1, it was held that the last clause of § 399 of the code, requiring notice of the intended examination of an assignor " of a thing in action or contract," is applicable to all cases in which such an assignor is to be examined in behalf of the party deriving title through or from him ; as well to those where the action is against a party to the contract, as to those where it is against an assignee or an executor or administrator. The sentence embracing that clause is obscure, but I think it will bear the interpretation thus given to it, and am disposed to follow the decision.    It is certainly reasonable that notice should be required in all such cases ; and it is fair to conclude from the language used, that the legislature intended to require it in all. The clause must then be read, " *nor shall he be admitted to be examined*, until at least ten days' notice of such intended examination of the assignor, specifying the points upon which he is intended to be examined, shall be given in writing to the adverse party."

In *Bump* v. *Van Orsdale*, (11 *Barb.* 634,) which was an action on a promissory note payable to a person therein named, or bearer, against the maker thereof, on the trial of which a person to whom the note had been sold and transferred, and who had sold and transferred it to the plaintiff, was examined as a witness on the part of the plaintiff, it was held that the defendant was a competent witness in his own behalf, under the section in question, to the same matters testified to by the former witness. It is undoubtedly true, that a transfer of negotiable paper by indorsement, or delivery, is an assignment ; the legal definition of that term, which, as given in *Jacob's Law Dictionary*, " is the setting over or transferring the interest a man hath in any thing to another," embraces it ; and the word is often used by writers on mercantile law, to expres such a transfer. · (*Story on Prom.*

Jagoe *v.* Alleyn.

*Notes,* § 41. *Story on Bills,* § 12, 17.) It is sometimes so used in pleading. In the forms given by *Chitty,* of declarations by the bearer of a note payable to a person named or bearer, and of a bearer of a check against the drawer, the term is employed for that purpose. (2 *Chit. Plead., Phil. ed. of* 1828, 130, 144, *marginal paging.*) A negotiable note is also "a thing in action or contract." I do not, however, regard it as certain that the legislature intended that the words "assignor of a thing in action or contract," should be applied to an indorser of such paper, or person by whom it is transferred in any form. That language is better suited to a person, in reference to his passing or setting over to another, of a contract or demand not assignable at common law so as to vest a legal title in the assignee, and entitle him to maintain a suit at law thereon in his own name, than to one in reference to his parting with the title to negotiable paper; and perhaps it should not have a more extended application. At common law a person who had endorsed a note, or transferred it by delivery, was a competent witness for the holder in a suit by him on the note, aside from any question of interest; but if the doctrine of *Bump* v. *Van Orsdale* is sound, he cannot now be examined, unless previous notice has been given as in the case of any assignor; nor can he be examined at all if the other party to the contract is dead, &c. Still, I see no good reason why a party, who has transferred negotiable paper, should not stand on the same footing as any assignor in regard to the terms on which he can be a witness. There is not, in my opinion, any thing in the privileges allowed to mercantile paper, or in public policy, to call for any distinction.

In the present case, one of the notes on which the action was brought is not negotiable. It is payable to Joseph Jagoe, without any words of negotiability. And although it is a promissory note, within the statute on that subject, with all the privileges of negotiable paper, so far as the maker and payee are concerned, the title to it could not, independent of the code, be transferred, so that the purchaser could sue upon it at law, in his own name. (*Story on Prom. Notes,* § 41.) It is by virtue of the code that the plaintiff, as purchaser, can enforce the note in his

own name. (§ 111.) As to such a note, I think it clear, that a person selling it is, within the meaning of § 399, an assignor of a thing in action or contract. (See *Laws of* 1835, *p.* 229, § 1; *Seeley* v. *Seeley,* 2 *Hill,* 496.) It is as much a thing in action or contract as a bond, or account, either of which may be assigned by delivery. The provision in question must have been intended to be at least co-extensive with the cases in which the right of an assignee to sue is conferred by the code.

The other two notes are negotiable : and if the provision extends to an indorser or person transferring negotiable paper, both of the exceptions—that to the admission of the indorser as a witness, no notice of an intention to examine him having been given, and that rejecting the defendant as a witness in his own behalf—are well taken. But if the provision does not embrace an indorser, &c. still if the views above expressed as to the note not negotiable are correct, the defendant was entitled to be examined as a witness, to any matters in reference to that note, to which the assignor had testified. · In either aspect the last exception must prevail.

It is insisted on the part of the plaintiff, that it does not appear that the payee testified to any thing material. The testimony is not given in the case, and it was not important that it should be ; no point having been made in regard to it. As the exceptions are drawn, I think it must be understood that the witness was excluded on the ground that the plaintiff's witness, the payee, was not the assignor of a thing in action, within the meaning of § 399 of the code.

The judgment must be reversed, and a new trial granted, with costs to abide the event.

[Monroe General Term, December 5, 1853. *Welles, Johnson* and *T. R. Strong,* Justices.]