James Potter agt. Harry Bushnell.

## SUPREME COURT.

### JAMES POTTER agt. HARRY BUSHNELL.

In technical law language, he who pays or lends a bank note, or transfers any thing in action negotiable at common law, is an *assignor*. This sense has been applied to the word as it is used in the 399th section of the Code. (11 *Barb.* 634. *It seems, that had this been presented as an original question without the weight of authority, the term in that section would have been construed as applicable only to cases where, by the operation of the 111th section of the Code, the right to maintain an action has been given to the assignee.*)

Where an *assignor* of a promissory note, through whom the plaintiff derives his title, is examined as a *witness*, the defendant may be examined as a witness on his own behalf, without being required to specify the matters to which he proposes to testify. He may be offered as a witness generally—should it be proposed to extend his examination beyond the matters embraced in the testimony of the assignor, the evidence, upon objection, may be excluded.

*Albany General Term, February,* 1854.

WRIGHT, HARRIS, and WATSON, *Justices.*

This was an appeal from a judgment upon the report of a referee. The action was upon a note, in the words and figures following:

James Potter agt. Harry Bushnell.

"$500, Thirty days from date I promise to pay to the order of J. Diossey, at the Manhattan Bank, five hundred dollars, with interest, value received. Utica, September, 30, 1851.

"Endorsed. J. Diossey." "H. Bushnell."

The referee found, as facts proved in the case, that the defendant made and executed the note, and delivered it to one George W. Bushnell, who procured it to be endorsed by the payee, and before maturity sold and delivered it to one Stephen Sweet, and that Sweet, for a valuable consideration, sold and delivered the note to Royal Ball, who, for a valuable consideration, transferred it to the plaintiff.

Upon the trial Sweet and Ball were examined as witnesses on behalf of the plaintiff, after which, the defendant was offered as a witness on his own behalf, on the ground that an assignor of the thing in action, through whom the plaintiff derived title, had been examined as a witness. The plaintiff's counsel objected, and the referee sustained the objection, and the defendant's counsel excepted to the decision. The referee reported in favor of the plaintiff for the amount of the note with interest.

JOB PIERSON, *for plaintiff.*
LYMAN TREMAIN, *for defendant.*

By the court—HARRIS, Justice. The note in suit is *a thing in action.* Having been endorsed in blank by the payee, it became transferable by delivery. It was so transferred by George W. Bushnell to Sweet, and by Sweet to Ball, and again by Ball to the plaintiff. It has been held that the person who thus transfers a note is an *assignor* within the meaning of § 399 of the Code. (Bump agt. Van Orsdale, 11 *Barb.* 634.)

Had the question been presented without the weight of authority on either side, I should have been inclined to construe the term as applicable only to cases where, by the operation of the 111th section of the Code, a right to maintain an action has been given to the assignee. I admit that the party who transfers negotiable paper, either by endorsement or delivery, is, in legal parlance, an assignor, and yet, no one but a lawyer would so understand it. The word, in its popular

James Potter agt. Harry Bushnell.

sense, is confined to those who transfer a right of action not transferable at common law. Such I believe to have been the sense in which the legislature used the term in the section of the Code under consideration. The leading object, every where conspicuous in the provisions of the Code in relation to the examination of witnesses, is to remove obstacles which the rules of the common law had interposed in the way of eliciting the whole truth, and not to impose new restraints. I do not think it was intended to prohibit the unrestricted examination of any witness who would have been competent at common law. (See Gagoe agt. Allen, 16 *Barb*. 580.)

In these views my brethren concur, and yet we also agree, that it is better to adopt the construction which has already been given, rather than establish a conflicting precedent. In doing this, we offer no violence to the language of the legislature. In technical law language, he who pays or lends a bank note, or transfers any thing in action negotiable at common law, is an *assignor*. This sense has been applied to the word as it is used in the 399th section of the Code. It will bear this construction, and, therefore, for the sake of uniformity in practice, as well as in deference to the opinion of our enlightened brethren, we yield to it.

Nor do I think, that in offering himself as a witness, the defendant was required to specify the matters to which he proposed to testify. The proper practice is to offer the party as a witness generally. He is to be sworn, like any other witness, to give testimony in the action. Should it be proposed, upon his examination, to go beyond the matters embraced in the testimony of the assignor, the evidence, upon objection, would be excluded. I am of opinion, therefore, that the defendant was a competent witness on his own behalf, and that the referee was not at liberty to exclude him because he did not offer himself as a witness to the same facts, merely to which the assignors of the note had testified. The judgment must, therefore, be reversed, and a new trial granted, with costs to abide the event.