## SUPREME COURT.

### Joseph Pelham agt. Elizabeth Bryant.

The ten days' *notice* required to be given of the examination of an assignor as a witness under § 399 of the Code, is as applicable to a *justice's court* as any other. Because, it is a rule of evidence which is thus expressly made applicable by the provisions contained in the 15th sub. of section 64 of the Code. (*The same point so held by assumption in Falcon* agt. *Reese*, 8 *How. Pr. R.* 341. *See Warren* agt. *Helmer*, 8 *id.* 419—*county court—adverse.*)

*Madison General Term, September,* 1854.

Crippen, Shankland, and Mason, Justices.

The plaintiff sues as the assignee of the claim or cause of action. The claim originally belonged to one Michael Amon, who sold and assigned the same to the plaintiff. Upon the trial of the cause, the assignor, Michael Amon, was offered as a witness to prove the plaintiff's case, and he was objected to by the defendant, on the ground that no notice of the examination of the said Amon had been served upon the defendant. The plaintiff then produced a written notice of the examination of the said Amon, with an affidavit of John Redman annexed, showing due service of the same on the defendant. The defendant then called the said John Redman, and offered to prove by him that no such notice was served on the defendant, and this evidence was rejected by the justice, and the plaintiff recovered in the action. The case was appealed to the county court, where the judgment of the justice was affirmed, and the defendant has appealed to this court.

J. A. Hughston, *for Plaintiff.*
Robert Parker, *for defendant.*

By the court—Mason, J. There is no answer to the error committed by the justice in excluding the evidence which defendant offered to give by John Redman, to prove that no notice of the examination of Michael Amon, the assignor in this case, was given to the defendant, unless we hold that that provision of § 399, which requires ten days' notice of the intended exam-

Pelham agt. Bryant.

ination of the assignor, specifying the *points* upon which he is intended to be examined, be given in writing to the adverse party, is not applicable to justices' courts. It becomes important, therefore, to determine that question. The whole question depends upon the construction which is to be given to the 15th sub. of § 64 of the Code. None of the second part of the Code, except such portions as are by express enactment made so, are applicable to justices' courts. The 15th sub. of the 64th section of the Code is as follows: " The provisions of this act respecting forms of action—parties to action—the rules of evidence—the time of commencing suits—and the service of process upon corporations, shall apply to these courts." This section is found in title six of the second part of the Code, and is entitled, " Of Courts of Justices of the Peace." The section declares that the provisions of this act respecting the rules of evidence shall apply to these courts. It becomes important, then, to inquire what the framers of this statute meant, when they declared that the provisions of this act, respecting the rules of evidence, should apply to these courts. I take it for granted, they meant just what they have said, and as there is no ambiguity in the language which they have employed, there is nothing left to interpretation. All the provisions of the Code respecting the rules of evidence, in whatever part of the same they may be found, are by this section declared applicable to justices' courts. There are many provisions respecting the rules of evidence to be found in this act, the most of which are entirely new, and are a direct innovation upon the common law rules of evidence. One provision respecting the rules of evidence in this act is, that a party to an action may be examined as a witness at the instance of the adverse party, or of one of the several adverse parties. (*Code, sec.* 389.) Another provision is, that a party examined by an adverse party, may be examined in his own behalf, in respect to any new matter pertinent to the issue. (*Code, sec.* 395.) Another provision of the same section is, that if he testify to any new matter, not responsive to the inquiries put to him by the adverse party, &c., such adverse party may offer himself as a witness on his own

behalf in respect to such new matter, and shall be so received. (*Code, sec.* 395.)   Another provision concerning the rules of evidence in this act is, that a party may be examined in behalf of a co-plaintiff or co-defendant. (*Code, sec.* 397.)   Another provision concerning the rules of evidence in this act is, "*that no person offered as a witness shall be excluded by reason of his interest in the event of the action.*" (*Code, sec.* 398.)   It is provided, however, by the first paragraph of section 399, that "the last section shall not apply to a party to the action, nor to any person for whose immediate benefit it is prosecuted or defended."   Another provision concerning the rules of evidence is found in this same section 399.   It is provided, that "when an assignor of a thing in action or contract is examined as a witness on behalf of any person deriving title through, or from him, the adverse party may offer himself as a witness, as to the same matter in his own behalf, and shall be so received." (*Code, sec.* 399.)   The section then proceeds : "But such assignor shall not be admitted to be examined in behalf of any person deriving title through or from him, &c., unless the other party to such contract or thing in action, whom the defendant or plaintiff represents, is living, and his testimony can be procured for such examination, nor, unless at least ten days' notice of such intended examination of the assignor, specifying the points upon which he is intended to be examined, shall be given in writing to the adverse party." (*Code, sec.* 399.)   It cannot be doubted, it seems to me, but that all of the enactments to which we have referred are provisions concerning the rules of evidence.   They are most certainly provisions which make very great innovation upon the common law rules of evidence.   Let us consider for a moment but two of these sections, to wit, section 398 and section 399.   No one will pretend that section 398 is not a provision concerning the rules of evidence.   The common law rule of evidence at the time of that enactment was, that no person who had a direct interest in the event of the action could be examined as a witness.   This 398th section has repealed that rule, by enacting that no person offered as a witness shall be excluded by reason of his interest in the event of

the action. The first paragraph of the next section is equally a provision concerning this same rule of evidence. It provides that the rule just declared in the previous section, to wit : that " *no person offered as a witness shall be excluded by reason of his interest in the event of the action,* shall not apply to a party to the action, nor to any person for whose immediate benefit it is prosecuted or defended." Can it for a moment be pretended that this second paragraph in section 399 is not a provision concerning a rule of evidence? Prior to the passage of the act in question, all actions upon contract were required to be brought in the name of the party to the contract, although the interest in the contract had been assigned to another. The present Code has changed that rule, and the action must now be brought in the name of the party in interest. The consequence of this change was to allow the assignor to be a witness for the party to whom he had assigned the contract or cause of action. The legislature have said in the paragraph under consideration, that when the assignor is examined as a witness in such a case, the party against whom he is called shall be allowed to testify in regard to the same matter. This is most certainly a provision of this act concerning the new rule of evidence, which the Code itself has introduced, and the next paragraph upon which the whole question under consideration turns, is nothing more nor less than a provision or enactment, placing restrictions, and throwing barriers for the protection of parties around this same rule, which the provisions of the Code itself have introduced, allowing the assignor in such cases to be sworn. The second paragraph declares, that if the assignor is examined, the adverse party shall be allowed to testify as to the same matter ; and the last paragraph provides, that the assignor shall not be admitted to be examined unless the other party to the contract or thing in action, &c., is living and can be procured ; nor unless ten days' notice of the intention to examine him, &c., be given in writing to the adverse party, &c. These are all provisions concerning the same rule, of allowing the assignor to testify, and are enactments, or provisions of this act, imposing restrictions upon the right to examine such assignor. It is

Pelham agt. Bryant.

a rule of evidence under this section of the Code, that the assignor in such cases shall not be allowed to give evidence as a witness unless the other party to the contract, &c., is living, and his testimony can be procured; nor unless the ten days' notice is given. This is not a rule of practice, but of evidence. It is most certainly a provision of the Code, concerning a rule of evidence, and the 15th sub. of the 64th section applies all the provisions of the Code concerning the rules of evidence to these courts. There is the same reason for requiring this notice to be given in justices' courts as in any other, and I do not see any reason existing, either in the statute or the nature of the case, why this provision should not be applied to justices' courts; on the contrary, it is highly important in any state to have the same rules of evidence obtain in all the courts of the state.

I am aware that the county court of Cortland county have given a different construction to this provision of the Code, (see Warren agt. Helmer, 8 *How. Pr. R.* 419,) and have held that it has no application to justices' courts. Judge KINGSLEY, however, fell into an error in that case, in regarding the 15th sub. of section 64 of the Code, as applying the common law rules of evidence, or rather in giving that provision the effect of applying the common law rules of evidence, and nothing more, to these courts. Such was not the design of the enactment. These courts would take the common law rules of evidence as a part of their jurisdiction by implication, without any enactment upon the subject. But these provisions of the Code to which we have adverted, and which have made such important innovations upon the common law rules of evidence would not apply to justices' courts, were it not for this 15th subdivision of § 64. The Code is divided into two parts: the first part relates to courts of justice and their jurisdiction, and the second relates to civil actions, and is distributed into fifteen titles; and by the 8th section of the Code the first four titles of the second part are applied to all the courts of the state, while the remaining eleven titles are applied to the several courts of record only, naming them. None of the sections,

Pelham agt. Bryant.

therefore, concerning the rules of evidence to which we have referred, would apply to these justices' courts but for this 15th subdivision of § 64, for there is no statute applying the Code generally to these courts; and, besides, it is very apparent from the act itself that the legislature did not intend to give it a general application to justices' courts. They have provided in the act a distinct system of pleading for justices, and have throughout regulated the practice in those courts by distinct enactments; and this 15th subdivision of § 64 has applied the provisions of the Code respecting the rules of evidence to these courts, that we might have the same rules of evidence obtain in all the courts.

In the case of Falcon agt. Reese, (8 *How. Pr. R.* 341,) the full bench of the fourth district assumed that this provision requiring ten days' notice of the intended examination of the assignor did apply to justices' courts, and in that case they reversed the judgment of the justice solely upon the ground that the notice of the intended examination of the assignor was defective, in not stating the *points* upon which the party purposed to examine him, deciding that the justice erred in holding the notice sufficient without such specification. This case must be regarded as an authority holding this provision applicable to justices' courts; for if no notice of the intended examination is required in justices' courts, certainly the court could not hold it an error, for which the judgment should be reversed, because a defective notice had been served in a case where no notice was required, and where the party had a perfect right to examine his witness without any notice.

The argument which was addressed to the court arising from the inconvenience or impossibility of giving this notice in some cases, affords no answer to so plain an enactment as this statute. A perfect answer to this argument is, that the party never had any such right as is contended for. He could never have the benefit of this testimony of the assignor at all, before the passage of this act; for the suit had to be brought in the name of the assignor. It does not, therefore, lie with a party in whose behalf the legislature had so extended the rules of evidence to

complain, that the legislature have placed these barriers around the rule for the protection of the opposite party. If he claims the benefit of the rule, he must take it *cum onere*. I am of opinion, for the reasons above stated, that we must hold this provision requiring ten days' notice applicable to justices' courts. The plaintiff having produced prima facie evidence of the service of such notice, the defendant had a right to disprove the fact of service, by the person who it was alleged had served the notice.

The court erred in rejecting the evidence, and the judgments both of the county courts and the justice must be reversed for this reason.