Collins *vs.* Knapp.

A person selling a promissory note, payable to him or bearer and transferring the same by delivery, after it becomes due, is an assignor of a thing in action, within the meaning of § 399 of the code.

And he cannot be examined as a witness for the assignee, in an action brought upon the note, unless ten days' notice of his examination has been given to the defendant.

The last clause of § 399 of the code, requiring notice of the examination of the assignor of a thing in action, as a witness, to be given, is applicable to justices' courts.

This action was commenced by Collins against Knapp, before a justice of the peace, for the recovery of the amount of a note given by Knapp to one John H. Otis, dated 29th March, 1849, for $45, payable nine months after date, which note was transferred to the plaintiff by said Otis, 2d June, 1851. The defense was payment to Otis before the transfer of the note. The cause was

Collins *v.* Knapp.

tried by a jury, and on their verdict a judgment was given for the plaintiff for $47.08. An appeal was taken to the Duchess county court, where the said judgment was affirmed and judgment entered for $64.30, debt and costs.

*W. Brower*, for the appellant.

*G. W. Paine*, for the plaintiff.

*By the Court*, S. B. STRONG, J. This action (which was tried before a justice of the peace) was instituted to recover the amount of a promissory note made by the defendant, payable to one Otis or bearer, nine months after date, and transferred by delivery only to the plaintiff, after it became due. Upon the trial, Otis was examined as a witness for the plaintiff, without any previous notice to the defendant of his examination. The defendant's counsel objected, and the only material question on this appeal is whether the evidence was properly received. Otis swore, on his preliminary examination, that he had no interest in the event of the suit, and there is nothing to show that the suit was prosecuted for his immediate benefit. He was unquestionably a competent witness, unless he was excluded by the code. He was undoubtedly an assignor of a thing in action. (9 *Barb.* 214. 11 *Id.* 634.(a) I am inclined to think, too, that the provision of the code, requiring notice to be given of the intended examination of an assignor, is applicable to justices' courts. It constitutes a rule of evidence, within the meaning of the 15th subdivision of the 64th section. There may be some difficulty in applying it, practically, to those tribunals, but that does not sanction a palpable evasion. The code excludes assignors from being witnesses when the suit is prosecuted for their immediate benefit, and it also provides that an "assignor shall not be admitted to be examined in behalf of any person deriving title through or from him, *against an assignee or an executor or administrator, unless* the other party to the contract or thing

(a) *Jagoe* v. *Alleyn*, (16 Barb. 580.)

Collins *v.* Knapp.

in action whom the defendant or plaintiff represents is living, and his testimony can be procured for such examination, *nor unless* at least ten days' notice of such intended examination of the assignor, specifying the points upon which he is intended to be examined, shall be given in writing to the adverse party." (*Code,* § 399.) The last provision, which I have quoted, is contained in and forms the whole of a single sentence. It applies to a definite class of cases, " suits against an assignee or an executor or administrator." None other are mentioned ; nor is there any thing indicating an intention to include any other. The word " unless," as first used, clearly refers alone to the cases before specified, and the word " nor," which precedes the same word when it occurs a second time, shows clearly an intention to confine what follows to the same category. There is no warrant for extending it any farther. Besides, the requisition is an innovation upon the common law rule, and in such cases the application is never extended by implication.

I am aware that a different interpretation of the statute has been adopted in the fourth district,(*b*) and I might feel disposed to follow so respectable an authority in any case where our decision might be reviewed. But in this case, should our judgment be wrong, the injustice would be irremediable ; and it is the more obligatory upon us to abide by our own clear convictions.

The judgment of the county court, affirming the justice's judgment, should be affirmed.

(*b*) *Knickerbacker* v. *Aldrich,* (7 How. Prac. Rep. 1.)

[KINGS GENERAL TERM, October 3, 1854. *Brown, T. R. Strong* and *Dean,* Justices.]