## BURTNETT *a.* GWYNNE.

*New York Common Pleas, General Term ; June,* 1855.

ASSIGNMENT OF CLAIM.—NOTICE OF EXAMINATION OF ASSIGNOR.

The mere fact that the assignment of a chose in action sued upon was made without consideration, apart from circumstances tending to show that it was colorably made, it is not material to the issue ; and judgment for the assignee ought not to be reversed for the refusal of the court below to allow the want of consideration to be shown.

Appeal from a judgment of the District Court of the City of New York for the third judicial district.

This action was brought by the plaintiff as assignee of the firm of Charles Pitt & Son, upon an account for work and materials furnished for the defendant. The defence was a general denial, payment, and set-off.

On the trial before the justice, the plaintiff called one of the assignors as a witness. The defendant objected to his testimony, on the ground that ten days' notice of the intended examination had not been given to the defendant, as required by section 399 of the Code. The justice overruled the objection, and defendant excepted.

The examination of the witness proceeded ; and, among other things, he said :—

"There was a consideration given by the plaintiff to the assignors for the assignment."

On the cross-examination of the assignor, the defendant put to him the following question :—

"What consideration did you get of the plaintiff for the account ?"

This question was objected to by plaintiff's counsel, but the justice overruled the objection, and the plaintiff excepted.

Judgment having been rendered for the plaintiff, the defendant appealed.

*W. W. Northrup*, for appellant.—I. The plaintiff should have given the defendant ten days' notice of his intention to examine the assignor. (Knickerbocker *v.* Aldrich, 7 *How. Pr. R.*, 1 ; Jagoe *v.* Alleyn, 16 *Barb.*, 580 ; Falon *v.* Keese, 8 *How. Pr. R.*, 341 ; Pelham *v.* Bryant, 10 *Ib.* 60).

II. The defendant had the right to show, upon the cross-examination of the assignor, that the assignment was merely colorable, and made merely for the purpose of allowing him to be a witness ; and that notwithstanding the formal assignment, the assignors were still the real parties in interest. (Andrews *v.* Bond, 16 *Barb.*, 633, 642). The question put was material to the issue of indebtedness *to the plaintiff*. And the exclusion of competent evidence upon a material point in issue is a fatal error and good ground for a reversal. (*Graham on New Tr.*, 252 ; Hewlett *v.* Cock, 7 *Wend.*, 371 ; Robinson *v.* Lyle, 10 *Barb.*, 512).

*J. McGay*, for respondent.—I. The authorities cited by the appellant to show that ten days' notice of the assignor's examination was necessary, are the decisions of *co-ordinate* tribunals only, and are not of any binding authority upon this court. And the question is not an open one in this court, which has repeatedly held that the notice is not necessary in such cases as the present.

II. To determine whether an assignee is *the real party in interest*, it is by no means necessary to inquire into the exact nature of the consideration upon which the assignment was

Burtnett *a.* Gwynne.

made. The question put was properly excluded, because it was wholly immaterial. 1. It was not necessary that there should have been a consideration at all; the assignor had a perfect right to make a present of the claim to the plaintiff. 2. The assignment was under seal, which legally imported a consideration. 3. The witness had already testified that there was a consideration for the assignment.

WOODRUFF, J.—We think that where the object is to prove that the alleged assignment to the plaintiff is a mere sham, and that although an assignment in form has been executed, it was executed under an arrangement that recovery should be for the benefit of the alleged assignor, and that the form of an assignment was gone through with for the mere purpose of securing a recovery by means of the assignor's own testimony, while he was to receive and enjoy the fruits of the recovery, then proof that there was no consideration for the assignment, may, in connection with other evidence tending to those conclusions, be competent; but the mere fact that there was no consideration does not alone amount to anything. A man may sell a claim for one dollar or for fifty dollars; he may give it away without consideration, and the assignment would be good. Standing alone, therefore, as the proposed evidence did, the question was immaterial, and we think furnishes no ground for reversal, when justice is done, whatever might be the answer to the question.

We think the judgment should be affirmed. That ten days' notice of the examination of the assignor was not necessary, we have often held. (Farley *v.* Flanagan, 1 *E. D. Smith*, 313; and see Collins *v.* Knapp, 18 *Barb.*, 532, in which the reporter in his marginal note has reversed the decision).

Judgment affirmed, with costs.