## SUPREME COURT.

### MILTON GOBLE agt. ZACHARIAH KINNEY.

Under § 399 of the Code, it is not necessary to give ten days' notice of the examination of an *assignor* as a *witness,* where the action is against the *party personally.* That notice is necessary only where the action is against the party in a *representative* capacity—*en autre droit.* (*See* 7 *How. Pr. R.* 1; 16 *Barb.* 580, & 18 *id.* 532 *adverse.*)

*Jefferson General Term, July,* 1855.

W. F. ALLEN, F. W. HUBBARD, D. PRATT, W. J. BACON, *Justices.*

THIS action originated in a justice's court, and was brought to recover the price of certain sap-buckets and a thrashing machine, sold and delivered by James Bradford to the defendant.

The cause of action was assigned, by Bradford, to the plaintiff. On the trial, Bradford was offered as a witness for the

plaintiff, and objected to by the defendant, on the ground that no notice, in writing, of his intended examination as the assignor of the claim, had been given under § 399 of the Code. The objection was overruled, and the witness permitted to testify.

A judgment for the plaintiff was rendered by the justice, which was reversed by the county court on appeal.

M. B. CHURCH, *for plaintiff.*
D. C. GREENFIELD, *for defendant.*

By the Court—HUBBARD, Justice. It was a question of fact for the justice to decide, whether the sale of the machine was conditional or absolute. There was evidence, from which the fact could be found that the sale was absolute, vesting the title in the defendant, and a right of action in Bradford, to recover the price, with a right of recoupment by the defendant, if the stipulated repairs were not made according to the agreement. Upon the conflicting evidence in the case, the finding of the justice must be held conclusive.

The most important question is in relation to the competency of Bradford, the assignor, as a witness in behalf of the plaintiff, his assignee, without previous notice in writing, of ten days, of his intended examination.

In a case like this, I think the notice was not necessary. It has been the settled practice in this judicial district, at circuit, and the principle has also been held at general term, not to require notice except the action is against an *assignee, or executor or administrator;* in other words, not to require notice in any case, when the action is against the *party personally,* who made the contract, or incurred the obligation on which the suit is predicated.

This I deem the fair and reasonable construction of § 399 of the Code.

The section states the general principle of the admissibility of an assignor of a thing in action or contract, in behalf of his

assignee, and the right of the adverse party to defend himself by his own oath.

Thus far the section is free from ambiguity or difficulty. But the exception to the general rule has occasioned some diversity of opinion.   The exception relates to a class of cases where the defendant in the action is sued in a representative character, as an assignee, or executor, or administrator.   In those cases, and those alone, (except when the action is for the immediate benefit of the assignor,) it seems to me, the section was intended to disqualify the assignor as a witness for his assignee, unless, in the first place, the other party to the contract, or thing in action which the defendant represents, is living, and his testimony can be procured for such examination ; and, in the second place, unless the ten days' notice, in writing, specifying the points of examination, be given to the adverse party.

These two conditions of the competency of the assignor, are embraced together in one sentence of the section; and, in my judgment, it was intended by the legislature that the latter, as well as the former, should apply solely to a case where the defendant is sued, *en autre droit*.   After the word *nor*, in the sentence, in order to its grammatical construction, there should be implied the words of the commencement of the section, to wit, " shall such assignor be admitted to be examined in behalf of any person deriving title through or from him, against an assignee or an executor, or administrator, unless," &c.   The section, it seems, would have been differently framed, if it had been intended to establish the general rule, that, in *all cases*, the notice should be given.   The clause expressive of that intent would have found a more suitable and less ambiguous place in the second sentence of the section.   As the section is framed, the obvious reading and import is, I think, to limit the exception and condition of the competency of the assignor, to cases, as before remarked, where the defendant is prosecuted in a *representative capacity*.

This construction conflicts with the practice and decisions in other districts; (7 *How.* 1; 16 *Barb.* 580; 18 *id.* 532;) but as those decisions are only of concurrent authority, although en-

titled to the highest respect, the mooted question must be deferred to the court of last resort for final adjudication.

In this view of the case, it will not be necessary to inquire whether § 399 of the Code applies to justices' courts.

The judgment of the county court must be reversed, and that of the justice affirmed.