Calkins *v.* Packer.

[MONROE GENERAL TERM, December 3, 1855. *Selden*, *Johnson* and *Welles*, Justices.]

———————

## CYRUS CALKINS *vs.* CHARLES PACKER.

A payee of a negotiable promissory note, who has transferred the same, by delivery, to another person, is a competent witness for the latter, in an action brought by him upon the note; and the fact of his being examined as a witness for the plaintiff will not warrant the admission of the defendant to testify in his own behalf.

Section 399 of the code was not intended to allow a party to an action to become a witness in his own behalf, excepting for the purpose of meeting the evidence of one who is not a competent witness, at common law, but is made such by virtue of the same and other sections of the code.

The fact that a defendant is properly admitted as a witness, on the trial, and is competent to testify on one subject, does not necessarily entitle him to testify on all subjects upon which the plaintiff's assignor has been properly examined.

Calkins *v.* Packer.

Where a party volunteers to pay the debt of his creditor, without his request or consent, in the special manner provided in § 293 of the code, in order to avail himself of such payment, in an action, he must set it up specially, in his answer. Per WELLES, J.

It is no objection to the admission of a judgment record in evidence, that no summons is attached thereto, and that it does not show any order of reference, although the judgment is founded upon the report of a referee. These, at most, are defects which merely render the judgment erroneous, but do not make it void.

MOTION on the part of the plaintiff for a new trial, on a bill of exceptions. The action was brought to recover the amount of a promissory note for $72, made by the defendant, payable to Eldad Calkins or bearer, one year after date, with use, and dated Corning, March 18, 1851 ; and the balance of an account alleged in the complaint to have been due to the said Eldad Calkins prior to the 2d day of June, 1851, for goods, wares and merchandise, wheat and grain sold and delivered by said Eldad Calkins and the plaintiff to the defendant, at his request. The complaint alleged that the note had been duly transferred to the plaintiff, who was the legal owner and holder thereof, and that the defendant had not paid the same or any part thereof; and that on the 2d day of June, 1851, the said Eldad Calkins duly assigned and transferred his interest in the balance of the account to the plaintiff, who was the legal and sole owner thereof, and that the defendant had not paid the same.

The answer of the defendant denied the complaint, and each and every allegation thereof. The answer also set up as a further defense that the plaintiff was not, at the time of the commencement of the action, the owner of the several demands in the complaint set forth, or any or either of them, but that they were and still are the demands of Eldad M. Calkins ; and that before and at the time of the commencement of the action the said demands were fully paid and satisfied unto the said Eldad M. Calkins, the lawful owner of the same.

The trial came on at the Steuben circuit in November, 1853, before Mr. Justice JOHNSON, when the plaintiff produced and read the deposition of the said Eldad M. Calkins, taken under a commission issued for that purpose. There was annexed to the

Calkins *v.* Packer.

deposition a note and order, which were in the words and figures .
following, viz :

"Corning, March 18, 1851.

One year from date, for value received I promise to pay El-
dad Calkins or bearer, seventy-two dollars with use.

CHAS. PACKER."

"Mr. Charles Packer, Sir : please to pay the bearer Cyrus
Calkins fifty dollars, and oblige yours,

Corning, June 2d, 1851.                    E. M. CALKINS."

The witness stated in said deposition, that he was the person
named in the note as the payee, and that he drew the order and
signed it and handed it to the plaintiff. That he sold property
belonging to the plaintiff, to the defendant, who wrote the note.
He says in the deposition, "I said to Packer that he ought to
put in Cyrus Calkins' name instead of mine. He observed that
it would not make any difference, as it was to me or bearer. I
handed said note to Cyrus the first time we met, I think it was
the same day I took it." The witness also stated that he drew
the order and handed it to the plaintiff, so that Packer would
pay Cyrus for the wheat belonging to him. That in June pre-
vious to the date of the order, he had sold wheat belonging to
the plaintiff, and that the order was drawn for the amount due
to the plaintiff from the defendant for the wheat of the defend-
ant, which the witness sold him for the plaintiff ; that he inform-
ed the defendant that the property he sold him belonged to the
plaintiff, and that the note and order were to be paid to the
plaintiff as money belonging to the plaintiff and not to the
witness. The deposition contained other statements, not mate-
rial to be mentioned here. The plaintiff then read the note and
order in evidence, and rested. The counsel for the defendant
then offered the defendant as a witness in his own behalf ; to
which the plaintiff's counsel objected, on the ground that he was
a party to the action ; that the witness sworn for the plaintiff
was not an assignor of any thing in action, within the meaning
of the provisions of the code allowing the adverse party to be a
witness when the assignor is sworn as a witness ; and further,
that by the evidence it appeared that the witness Eldad M. Calk-

ins was not an assignor of the demands upon which the action was brought. The plaintiff's counsel also objected, upon the same grounds, to the competency of the witness so offered by the defendant, to testify to any matters relating to the promissory note in question in the action. The court overruled the objection, and decided that inasmuch as the complaint alleged that Eldad Calkins was the payee of the note, and transferred the same to the plaintiff, and that the defendant was indebted to Eldad and Cyrus Calkins, and that Eldad had assigned his interest to the plaintiff, the defendant was competent to testify both to the promissory note and to the account for goods sold. The plaintiff's counsel excepted to this decision, and the defendant was then sworn as a witness in his own behalf, and gave material evidence in relation both to the note and the demand for goods sold, &c. Other witnesses were then introduced and examined on the part of the defendant, whose evidence tended to show that the demands in suit in fact belonged to the said Eldad M. Calkins, and not to the plaintiff.

The defendant then offered to show that one Michael J. Pace recovered judgment in the supreme court against said Eldad M. Calkins for $186.06, the record of which was filed June 23d, 1851 ; that an execution was issued thereon to the sheriff of Steuben county, and while the same was in the hands of the sheriff, Packer paid the sheriff the amount of the demands in this action and took his receipt therefor pursuant to § 293 of the code. The plaintiff's counsel objected to the evidence so offered, on the ground that no such defense was set up in the answer. The court overruled the objection and received the evidence, and the plaintiff's counsel excepted. The defendant's counsel then offered in evidence the judgment record in favor of Pace against said Eldad M. Calkins, filed as above. This judgment roll contained the complaint, answer, report of a referee and judgment, but no summons, or order or other authority appointing the referee, and for these alleged deficiencies the plaintiff's counsel objected to the record as evidence. The court overruled the objection and received the evidence, and the plaintiff's counsel excepted. Thomas McBurney was then sworn for the

defendant, and testified that he was deputy sheriff of Steuben county in 1851. That an execution upon the said judgment (then produced and shown to the witness) was delivered to him to be executed. That he knew the said Charles Packer. That his impression was that there was an arrangement between Packer and Pace for him, the witness, to give Packer a receipt, and he did so. The execution was then produced in evidence, on which was indorsed July 19, 1852, a receipt for $132.12. The witness McBurney testified on cross-examination as follows : " My impression is that Packer paid me no money on that execution, and of course I paid no money to Pace. I was directed by Pace to give the receipt, and I gave it to Packer and indorsed it on the execution."

The defendant here rested, and the court charged the jury that if at the time of the payment by Packer and the taking of the sheriff's receipt, Eldad Calkins was the owner of the demands in question, such payment and receipt were a discharge of Packer from that indebtedness ; that it made no difference, in this respect, whether the payment was made by Packer directly to the sheriff or to Pace, the plaintiff in the execution. That the sheriff's receipt and return on the execution were sufficient evidence of the payment by Packer and the satisfaction *pro tanto* of the judgment. The plaintiff's counsel excepted to the said charge, and requested the court to charge the jury, that Packer, being a volunteer, and Eldad Calkins having testified that the property was the plaintiff's, Packer could not assail his title, and had no right to make the payment, and that if Packer had not in fact paid the money the defense was not made out. The court refused so to charge, and the plaintiff's counsel excepted. The jury rendered a verdict for the defendant; which the plaintiff now moved to set aside.

*Geo. T. Spencer,* for the plaintiff.

*H. M. Hyde,* for the defendant.

WELLES, J.   The first question presented for our decision in this case, is whether the defendant was a competent witness in his own behalf, and if admissible at all, whether he was competent to give evidence in relation to that part of the demand in controversy which consisted of the promissory note referred to in the complaint. As the case stood upon the evidence when the plaintiff rested, it did not appear that the demand for goods sold had been assigned by Eldad Calkins to the plaintiff. That demand was one originally belonging to the plaintiff. It was for wheat of the latter, which the witness Calkins, as his agent, sold to the defendant. In respect to this part of the plaintiff's claim, and aside from the statements in the complaint, there was no ground for admitting the defendant as a witness for himself. But the complaint states absolutely, that such indebtedness was to the plaintiff and the witness, Eldad Calkins, jointly, and that the plaintiff derived his title to Eldad's share by assignment from him. He could not, on his own statement, recover any portion of the demand in his own name alone, without an assignment from Eldad Calkins. So far, therefore, as this portion of the plaintiff's claims was concerned, there was a material variance between the complaint and the evidence, if not an entire failure of proof to sustain it. Assuming that the plaintiff's title to the share of Eldad Calkins in the demand in question, for the wheat sold, was derived by assignment from the latter, which we think, in the present form of the complaint, he is not at liberty to deny, and he having examined his assignor as a witness touching that demand, we think the defendant was properly admitted as a witness in his own behalf, to testify in relation to the same subject.

But the question remains, was he competent to testify in relation to the plaintiff's claim upon the note? This depends upon two other questions : 1. Was the plaintiff an assignee of the note, in such a sense as to allow the defendant to offer himself as a witness after the plaintiff had examined the assignor, in pursuance of § 399 of the code? 2. If he was not, then did the fact that the defendant was properly sworn as a witness on the trial, and was competent to testify on one subject, ne-

Calkins *v.* Packer.

cessarily entitle him to testify on all subjects upon which the plaintiff's assignor had been properly examined, including the plaintiff's claim upon the note? Upon the first of these questions, there has has been considerable conflict of judicial decision. In *Bump* v. *Van Orsdale,* (11 *Barb.* 634,) this very question was decided by the general term in the 6th district, in which, it was held that the transfer of a negotiable promissory note was an assignment of a thing in action under §§ 111, 112 of the code; and that where in an action upon such a note, against the maker, by a person to whom it had been transferred, a former holder through whom the plaintiff derived his title to the note was introduced and examined as a witness on behalf of the plaintiff, the defendant had the right, under § 399, to offer himself as a witness to the same matter.

In *Potter* v. *Bushnell,* (10 *How. Pr. R.* 94,) the general term in the 3d district followed the case of *Bump* v. *Van Orsdale.* In adopting the construction given by the court in the 6th district to the 399th section of the code, the court in the 3d district, after showing, as I think, that such construction was not the true one, placed their decision upon the ground that it was better to adopt it than to establish a conflicting precedent.

In *Hicks* v. *Wirth,* (10 *How. Pr. R.* 555,) the court of common pleas of the city of New York, at general term, adopted a different construction of the section under consideration; holding that the indorser of a note was a competent witness for the plaintiff, and that his being examined as a witness for the plaintiff did not warrant the admission of the defendant to testify in his own behalf.(a)

The foregoing are all the reported cases I am aware of, where this question has been distinctly passed upon and decided. They were all cases at general term, and appear to have been fully considered. The reasoning of the court in the case of *Potter* v. *Bushnell,* upon the merits of the question, tended to a conclusion adverse to the decision made; and in the case of *Hicks* v. *Wirth,* Judge Ingraham has given the question a thorough

(a) See also, *Collins* v. *Knapp,* (18 *Barb.* 532.) *Goble* v. *Kinney,* (11 *How. Pr. R.* 248.)

examination, and has reviewed all the cases bearing on the subject.

In *Jagoe* v. *Alleyn*, (16 *Barb.* 580,) Justice Strong, of this district, discusses the question, but does not decide it. We are inclined to adopt substantially the views expressed by Judge Ingraham, in *Hicks* v. *Wirth*, believing that § 399 was not intended to allow a party to the action to become a witness in his own behalf, excepting for the purpose of meeting the evidence of one who is made a competent witness by virtue of the same and other sections of the code. A former holder of a negotiable note, whether payee, or one to whom it afterwards came by regular purchase and transfer, was always a competent witness for either party, unless excluded by interest, which is no longer any objection to a witness' competency. It could not have been the intention of the lawmakers to allow a party to be a witness for himself, simply because the adverse party had introduced one as a witness who was always competent as such by the common law. We are also of the opinion that the fact that the defendant was properly admitted as a witness to testify concerning the demand for wheat sold, did not justify his examination touching the note. The examination of the witness Calkins in relation to the demand for wheat sold, opened the way for the defendant's examination in his own behalf, touching that, and no other matter. (*Jagoe* v. *Alleyn, supra.*)

I incline to the opinion that the court erred in admitting the evidence of the judgment and execution thereon in favor of Pace against Eldad M. Calkins, and payment to the sheriff by the defendant, on the ground that such matter of defense was not sufficiently set up in the answer. No one, it seems to me, would suspect, under such a general answer as the one in this case, that the defendant contemplated this special statutory defense. It was not a transaction in which either the plaintiff or Eldad M. Calkins took any part, or of which either is presumed to have had any knowledge. The fair and reasonable interpretation of the statements in the answer that the demands were fully paid and satisfied to the said Eldad M. Calkins, the lawful owner of the same, is that they had been paid to the said

Calkins *v.* Packer.

Eldad in some way which by the common law would be deemed a valid payment. I think where a party volunteers to pay the debt of his creditor without his request or consent, in the special manner provided in § 293 of the code, in order to avail himself of such payment in an action, he should set it up specially in his answer. There is no hardship in requiring this, and it is, in my judgment necessary, to prevent surprise. Besides, it is not a payment *to the creditor*. It can only be regarded as a set-off or counter-claim, for money paid to the use of the judgment debtor, and should be pleaded as such, in order to give the other party an opportunity of replying to it.

The objections to the judgment roll, that the summons was not attached, and that it did not show an order of reference, were not well taken. They were, at most, matters which rendered the judgment erroneous, but did not render it void.

For the reasons before stated, however, I think a new trial should be granted, with costs to abide the event. Each party to be at liberty to amend his pleadings as he shall be advised.

SELDEN and STRONG, justices, concurred in the foregoing views, except as to the sufficiency of the defendant's answer to admit the evidence of the judgment and execution in favor of Pace against Eldad M. Calkins, and the payment to the sheriff thereon ; as to which they expressed no opinion.

New trial granted.

[MONROE GENERAL TERM, December 3, 1855. *Selden, T. R. Strong* and *Welles,* Justices.]