Clement agt. Adams.

# SUPREME COURT.

## Joseph Clement agt. Charles Adams.

The provisions of § 399 of the Code, in reference to the *notice* and examination of an assignor, &c., contain a *rule of evidence,* and are therefore applicable to *justices' courts.*

The *payee* of a promissory note, who transfers it *by delivery,* is an *assignor* of a thing in action or contract, within the meaning of § 399 of the Code. (*It seems, that had it been considered that this question was an open one— not settled by authority—it would have been decided the other way.*)

It was the intention of the legislature, by the last part of § 399 of the Code, *to prohibit an assignor from being a witness against an executor or administrator;* and where an assignee (or trustee) is a *party, notice* of intention to examine an assignor is required, to enable the adverse party to procure the attendance of the person or persons whom he represents, or be prepared to show that it could not be procured.

In cases where the other party to the contract is a party to the record, the *complaint or answer is a sufficient notice.*

*Fourth District, Saratoga General Term, Jan.,* 1856.

*Present,* C. L. Allen, Paige, James and Rosekrans, JJ.

This was an appeal from the judgment of a justice of the peace, certified into this court. On the trial below, the plaintiff proved his cause of action and rested. The defendant, as a set-off, produced a note, purporting to be made by the plaintiff, payable to Jonathan Hudson or bearer, and to prove said note called the payee as a witness. The plaintiff objected to this witness being sworn, because he was an assignor of the note, and ten days' previous notice of his intended examination, &c., as required by § 399 of the Code, had not been given. The objection was overruled, and the plaintiff excepted. The witness was sworn, and testified that the note was transferred to the defendant after maturity, by delivery; and that the same was the note of the·plaintiff. The plaintiff then offered himself as a witness to the same matter; to which the defendant objected, on the ground that the witness, Hudson, was not an assignor within the meaning of § 399 of the Code. The ob-

jection was sustained, and the plaintiff excepted.   The justice allowed the note as a set-off, and rendered judgment accordingly, and from that judgment the plaintiff brings this appeal.

SEARING & PUTNAM, *for plaintiff.*
HOAG & CRANE, *for defendant.*

By the court—JAMES, Justice.   Three questions are presented by this appeal, arising under § 399 of the Code, viz. : 1st. Are the provisions of § 399 applicable to courts of justices of the peace ?   2d. Is the payee of a negotiable promissory note, who transfers it by delivery, an assignor of a thing in action or contract, within its meaning ? and, 3d. In what cases is notice of the party's intention to examine an assignor as a witness requisite ?

The first question must be considered as settled in this district.   We have repeatedly held that § 399 is a rule of evidence, and thus applicable to justices' courts by virtue of § 64, subd. 15, of the Code.

Were the second a new question, we should hold that the payee of a negotiable promissory note, who transferred it by mere delivery, was not an assignor within the true intent and meaning of said § 399.   In its popular sense, an assignor is one who transfers a right of action not transferable at common law; and such, we have no doubt, was the sense in which the word was used, in this instance, by the legislature.   But a different construction has been given to the section in several of the judicial districts, and we deem it better to adopt such construction rather than multiply conflicting decisions.   Such construction does no violence to the express language of the act. Strictly speaking, an assignor is one who transfers property to another, and a promissory note is a chose in action.   (*Seeley* agt. *Seeley*, 2 *Hill*, 496.)   We, therefore, hold that the witness, Hudson, was an assignor within § 399.   It therefore follows that the justice, in refusing to allow the plaintiff to be sworn in his own behalf, to the same matter testified to by Hudson, committed an error, for which this judgment must be reversed.

Clement agt. Adams.

(9 *Bar. Rep.* 214; 11 *id.* 634; 16 *id.* 580; 18 *id.* 532; 10 *How. Pr. Rep.* 94.)

The consideration of the third question is not necessary to a disposition of the cause; but as much conflict of decision has arisen, it may not be improper for us to express an opinion for the future guidance of the profession, at least, in this district.

Section 398 declares, that "no person offered as a witness shall be excluded by reason of his interest in the event of the action."

Section 399 provides, 1st. The last section shall not apply to a party to the action, nor to any person for whose immediate benefit it is prosecuted or defended. 2d. Where an assignor of a thing in action or contract is examined as a witness on behalf of any person deriving title through or from him, the adverse party may offer himself as a witness to the same matter, and shall be so received. 3d. But such assignor shall not be admitted to be examined in behalf of any person deriving title through or from him against an assignee, or an executor, or administrator, unless the other party to such contract or thing in action, whom the defendant or plaintiff represents, is living, and his testimony can be procured for such examination, nor unless at least ten days' notice of such intended examination of the assignor, specifying the points upon which he is intended to be examined, shall be given in writing to the adverse party."

This section is properly divisible into three parts, which I have numbered *first, second* and *third.* The first part qualifies and limits the preceding section: the second extends to the adverse party the right to offer himself as a witness; and the third, (which forms the whole of a single sentence, disconnected from the two preceding parts,) "applies to a definite class of cases," claims or set-offs, against an assignee, (trustee,) an executor, or administrator. Separated thus, the section is free from much confusion, and easily understood and applied. The legislature, no doubt, intended, by the last part of this section, to prohibit an assignor from being a witness against an executor or administrator; and where an assignee (or trustee) is a party, notice of intention to examine an assignor was required

to enable the adverse party to procure the attendance of the person or persons whom he represents, or be prepared to show that it could not be procured. In cases where the other party to the contract is a party to the record, the complaint or answer is a sufficient notice. These views are more clearly expressed and fully sustained in *Collins* agt. *Knapp*, (18 *Bar.* 532,) *second judicial district; Gable* agt. *Kinny*, (11 *How. Pr. Rep.* 248,) *fifth district; Farley* agt. *Flanagan*, (1 *Smith*, 313,) and *Burtnett* agt. *Gwynne*, (2 *Abbott's Pr. Rep.* 79,) *New-York Common Pleas*.

The contrary doctrine was first held in this district in *Knickerbacker* agt. *Aldrich*, (7 *How. Pr. Rep.* 1,) and was followed in *Jagoe* agt. *Alleyn*, (16 *Barb.* 580,) *seventh district; and approved Pelham* agt. *Bryant*, (10 *How. Pr. Rep.* 60,) *sixth district*.

Thus stands the question upon authority. Did this appeal turn upon this question, we should feel bound by the case of *Knickerbacker* agt. *Aldrich*, *supra;* but as it does not, we deem it proper to say, that hereafter we shall not regard that case as a binding authority.

Judgment of the justice reversed.