### POTTIER & STYMUS MANUF'G CO. *v.* NOEL.

*(Superior Court of New York City, General Term. January 11, 1892.)*

ASSIGNMENT—WHAT CONSTITUTES—EVIDENCE.

> In an action against A., defendant pleaded as a counter-claim a debt to the firm A. & Son, alleged to have been assigned to defendant by that firm, composed of defendant and his son. There was no written evidence of the assignment, and no symbolical delivery of the claim shown, nor was the same charged to defendant on the books of the concern, and the only evidence of the assignment was the testimony of the son that the indebtedness was to be transferred. *Held,* that the decision of a referee rejecting the counter-claim should be affirmed.

Appeal from judgment on report of referee.

Action by the Pottier & Stymus Manufacturing Company against Auguste Noel. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

*Abram Kling,* for appellant. *Chas. M. Hall* and *Elbert Crandell,* for respondent.

McADAM, J. The answer admitted the cause of action, and pleaded a counter-claim of $803.06 in favor of A. Noel & Son, (a copartnership firm composed of the defendant and his son,) under a transfer alleged to have been made by that firm to the defendant before the commencement of the action. The reply put in issue both the counter-claim and assignment. The referee, although requested by the defendant, refused to find as matter of fact that any assignment had been made as alleged. This is tantamount to an affirmative finding that no transfer was ever made in fact. If this finding is justified by the evidence, it becomes unnecessary to consider any of the other questions in the case, because, if there was no assignment, the joint demand in favor of the firm of A. Noel & Son could not be used as a counter-claim to an action against A. Noel individually. *Hopkins* v. *Lane,* 87 N. Y. 501; Code Civil Proc. § 501. The assignment was oral, not in writing, and, in such a case, whether what was said amounts to an assignment depends upon the intention

of the parties, and what was done by them in furtherance of such intent. In *Sheridan* v. *Mayor*, etc., 68 N. Y. 30, the assignment was in writing, duly executed and acknowledged; hence that case is not applicable. The owner of a cause of action may give it away, and the assignee is entitled to judgment thereon. *Mills* v. *Fox*, 4 E. D. Smith, 220; *Beach* v. *Raymond*, 2 E. D. Smith, 496; *Richardson* v. *Mead*, 27 Barb. 178; *Burtnett* v. *Gwynne*, 2 Abb. Pr. 79. In those cases, as in the *Sheridan Case*, formal transfers sufficient to pass title were executed, and the court held the consideration therefore immaterial. Notes not negotiable have been held to pass by delivery where there was an intention to part with title. Judgments and accounts have been transferred by delivery of the transcript or bill of items where an absolute transfer was intended, and so, in many other cases, effect has been given to symbolical deliveries, and to unequivocal acts evidencing an intention to pass title. But in this case there was no delivery of anything. Indeed, there was not even a charging up of the account against the partner receiving the transfer. *Vail* v. *Tuthill*, 10 Hun, 31. Here the transaction, whether it be called a gift, sale, assignment, or transfer, is not evidenced by any symbolical or constructive delivery, or by any unequivocal act of the parties. In this instance the alleged assignee merely said to the assignor, in substance, "that he would transfer the indebtedness over;" the amount was not stated, but the claim against the plaintiff was mentioned. The evidence, technically construed, would indicate a purpose on the part of the defendant to transfer to the son, rather than an intent on the part of the latter to transfer to the former, but, no matter which way it is interpreted, it does not establish an assignment sufficient to pass title. The element of "intent" runs all through the cases, and this is generally a question of fact, (Ram, Facts, 1st Amer. Ed., pp. 1, 275; Benj. Sales, § 309;) and the referee has decided it adversely to the defendant on the evidence of the assignor, a relative and interested party, whom he was not bound to believe, (*Kavanagh* v. *Wilson*, 70 N. Y. 177.) For the reasons stated, the judgment appealed from must be affirmed, with costs.

All concur.